ANGELO GRETTI v. STATE.

No. A-382.    Opinion Filed December 24, 1910.

WEAPONS—Carrying and Pointing—Information—Duplicity. Where the defendant was charged in the information with carrying a deadly weapon with the intent of injuring his fellow men, and in the same count also charged with unlawfully pointing a deadly weapon at another person, said information is bad for duplicity, and a demurrer thereto should be sustained.

(Syllabus by the Court.)

*Appeal from County Court, Coal County; R. H. Wells, Judge.*

Angelo Gretti was convicted of pointing a deadly weapon at another, and he appeals. Reversed and remanded.

*A. D. Brown,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *Smith C. Matson,* Asst. Atty. Gen., for the State.

DOYLE, JUDGE. Angelo Gretti, plaintiff in error, was convicted in the County Court of Coal County for the crime of pointing a deadly weapon at another person. The jury assessed his punishment at a fine of one hundred dollars and three months' imprisonment in the county jail. The judgment and sentence was entered on August 25, 1909. From such judgment an appeal was perfected by filing in this court on October 23, 1909, a petition in error with case-made attached.

The information, omitting the title and verification, reads as follows:

"In the name and by the authority of the State of Oklahoma.

Now comes J. R. Wood, the duly qualified and acting county attorney in and for Coal County, State of Oklahoma, upon his official oath and gives the County Court of Coal County, State of Oklahoma, to know and be informed that one Angelo Gretti did, in Coal County, State of Oklahoma, on or about the 3rd day of April, in the year of our Lord, nineteen hundred and nine, commit the crime of carrying and pointing a deadly weapon in the manner and form as follows: that the said Angelo Gretti did wilfully and maliciously carry a certain deadly weapon, to wit, a double barrel shotgun with the intent of him, the said Angelo Gretti, then and there to injure his fellow man, to wit: the said Elizabeth Catarello, and for the avowed purpose of him, the said Angelo Gretti, then and there to injure her, the said Elizabeth Catarello. And your informant does further say that on the said 3rd day of April, 1909, in said County of Coal and State of Oklahoma, the said Angelo Gretti did then and there, unlawfully, wilfully and maliciously point a deadly weapon, to wit, a double barrel shotgun, at another person, to-wit, the said Elizabeth Catarello, contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the state."

Upon arraignment the defendant filed a demurrer, on the ground that more than one offense is charged in the information:

"The said information charges the said defendant with having committed two separate and distinct offenses, in this to wit: 'That, in violation of section 2751, Snyder's Statutes, the defendant did carry a deadly weapon with intent to injure his fellow man.' That in violation of section 2752, Snyder's Statutes, 'The defendant did unlawfully point a deadly weapon at another person.' "

Which demurrer was by the court overruled, and exception allowed.

We can see no reason why the information is not bad for duplicity. It charges two substantive offenses in the same count. It follows that the demurrer to the information was well taken and it was error to overrule the same. The question presented has been frequently passed upon by this court. *Wells v. Territory,* 1 Okla. Cr. 469, 96 Pac. 483; *Sturgis v. State,* 2 Okla. Cr. 362, 102 Pac. 57; *Degraff v. State,* 2 Okla. Cr. 519, 103 Pac. 538.

The judgment of conviction is therefore reversed and the cause remanded.

FURMAN, PRESIDING JUDGE, and RICHARDSON, JUDGE, concur.