## HARRY BROWN v. STATE.

No. A-2541. Opinion Filed January 27, 1917.

(162 Pac. 449.)

1. **LARCENY—Evidence—Sufficiency.** In a prosecution for larceny of a domestic animal, circumstantial evidence may be resorted to for the purpose of proving the **corpus delicti,** in the same way and to the same extent that it may be for the purpose of connecting the accused with the commission of the offense.

2. **SAME.** In a prosecution for the larceny of a domestic animal, the evidence examined, and **held** sufficient to sustain the verdict.

*Appeal from District Court, Choctaw County;*
*C. E. Dudley, Judge.*

Harry Brown was convicted of the larceny of a domestic animal, and he appeals. Affirmed.

*Gaylord R. Wilcox,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J. The plaintiff in error, Harry Brown, and Harry Smith were jointly charged by information with the larceny of one hog, the property of W. M. San-

ders.  A severance was demanded and granted.  On his trial, plaintiff in error, Harry Brown, was found guilty, and, in accordance with the verdict of the jury, was sentenced to imprisonment in the penitentiary for the term of two years.

The errors assigned are:

"(1) That the trial court èrred in overruling the plaintiff in error's motion for a new trial.

"(2) That the crime of larceny of a domestic animal was never proven by the state to be committed by any one in this case."

No briefs have been filed and no appearance made in this court on behalf of the plaintiff in error.  However we have carefully examined the transcript of the testimony in this case, and we are satisfied that the evidence, although circumstantial, was sufficient to support the verdict.

The evidence shows that plaintiff in error lived about a mile from W. M. Sanders, who at the time alleged had a sow and seven shoats; that Sanders, missing his hogs, found and followed one of the shoats to Brown's dooryard; that it was then about 9 o'clock at night; that the next morning he returned to Brown's place and asked him if he had seen his hogs, and Brown said, "Yes, they are over in the cornfield;" that soon after he found where the hogs had been "milling" around in a cotton patch; that he tracked the sow to a place where a hog had been butchered; from there he found a trail of blood on the grass to within a few feet of Brown's kitchen door, and there picked up an ax that had hog hair and blood on it; that he returned that evening, but they did not find any hog meat at Brown's place.  Several witnesses identified the ax as one belonging to Brown.

In the case of *George v. U. S.*, 1 Okla. Cr. 307, 97 Pac. 1052, it is said:

"Circumstantial evidence may be resorted to for the purpose of proving the *corpus delicti* in the same way and to the same extent that it may be for the purpose of connecting the accused with the commission of the offense. * * * The same evidence which tends to prove one may also tend to prove the other, so that the existence of the crime and the guilt of the defendant may stand together inseparable on one foundation of circumstantial evidence."

Under the well-settled rule, where there is sufficient evidence in the record upon which the verdict may be fairly based, as in this case, this court will not reverse the judgment on the ground of the insufficiency of the evidence. Upon the whole case, we are of opinion that the defendant had a fair trial and was properly convicted.

It follows that the judgment should be, and the same is hereby, affirmed.

ARMSTRONG and BRETT, JJ., concur.