## J. V. COOK v. STATE.

No. A- 4405.  Opinion Filed Feb. 9, 1924.

(222 Pac. 703.)

Appeal from County Court, Canadian County; W. M. Wallace, Judge.

J. V. Cook was convicted of unlawfully conveying intoxicating liquor, and punishment fixed at a fine of $500 and 6 months' imprisonment in the county jail, and he appeals. Modified and affirmed.

. E. T. Barbour, for plaintiff in error.

George F. Short, Atty. Gen., and J. Roy Orr, Asst. Atty. Gen., for the State.

PER CURIAM. This is an appeal from a judgment of conviction, rendered in the county court of Canadian county on the 8th day of April, 1922, wherein the defendant was convicted of the crime of unlawfully conveying intoxicating liquor, to wit, whisky, and his punishment assessed as above stated. Petition in error and case-made were filed in this court on July 12, 1922. The facts are substantially as follows: Several officers, who were looking for whisky runners, had stationed themselves at a point along the public highway northwest of the city El Reno, in Canadian county, and about three-quarters of a mile south of the bridge over the North Canadian river. These officers had stopped a car and were in the act of searching it, or had just searched it, when the defendant drove up, coming from the north toward El Reno. Seeing the officers, the defendant stopped his car,

threw a sack containing a jug of whisky out of his car, attempting to break it on the side of the car, and, failing to do so, he jumped out of the car and broke the jug by stamping on it with both of his feet. One of the officers who saw this immediately told the defendant to put up his hands, and also told him that he was under arrest. The officers picked up the broken parts of the jug from the ground and found portions of the jug that contained whisky, and also could smell whisky where it had saturated the sack surrounding the jug, and where it had run onto the ground. When arrested, the defendant made the remark that he had a right to haul his own whisky. The officers all swore that the jug was a gallon jug, and that the contents of the same was corn whisky, and from the amount spilled that apparently the jug was full before the defendant broke it.

This evidence was practically uncontradicted. The defendant did not take the witness stand in his own behalf. The only defense interposed by the defendant was in support of his reputation as a law-abiding citizen, several witnesses who lived in the community where the defendant lived testifying that they had known the defendant for a number of years and that he bore a good reputation as a law-abiding citizen. Among other instructions given, the trial court instructed the jury that if it could not agree upon the punishment the court would assess the punishment. The jury returned a unanimous verdict finding the defendant guilty, but failed to assess the punishment. Under such circumstances the trial court assessed the maximum penalty against the defendant.

The brief filed in behalf of the defendant presents no new or intricate legal questions for decision. Not a single authority is cited in support of any of the grounds relied upon for reversal. There is merit in but one contention, and that

is that the judgment should be modified. The infliction of the maximum penalty upon a first offender who bore a good reputation as a law-abiding citizen, after the jury were unable to agree upon the punishment, does not meet with our approval. In this instance the court deems it proper to exercise that power, lodged in it by the Legislature, to modify the sentence and judgment.

It is therefore ordered, considered, and adjudged that the judgment imposing a fine of $500 and imprisonment for a term of 6 months against the defendant in this case be modified to provide a fine of $200 and imprisonment in the county jail for a period of 60 days.

As so modified, the judgment is affirmed.