## WILLIAM FOWLER v. STATE.

No. A-4331.    Opinion Filed Feb. 18, 1924.

(223 Pac. 206.)

(Syllabus.)

1. **Intoxicating Liquors—Evidence Sustaining Conviction for Attempt to Manufacture.** In a prosecution for manufacturing intoxicating liquor, evidence considered, and held sufficient to sustain conviction for attempt to commit the offense charged.

2. **Trial—Verdict Sufficient to Sustain Conviction for Attempt to Commit Offense Charged.** On trial of an information for manufacturing intoxicating liquor, the court instructed the jury, in effect, that the evidence was insufficient to show defendant was guilty of the offense charged, and submitted the issue of attempt to commit the offense charged, and the punishment prescribed for an attempt to commit the offense. The verdict was, "Guilty as charged in the information herein, and assess his punishment at a fine of $225 and imprisonment in the county jail for 60 days." Held, that the verdict was sufficiently definite and certain as to the offense for which the defendant was convicted.

Appeal from County Court, Seminole County; B. F. Davis, Judge.

William Fowler was convicted of an attempt to manufacture whisky, and he appeals. Affirmed.

A. M. Fowler, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen,. for the State.

DOYLE, J. In the information in this case, appellant William Fowler, Holman Jackson, and Walter Miles were charged with manufacturing corn whisky, "by a method of fermentation and distillation from a mixture of cornmeal and other substance unknown to the county attorney but forming a substance commonly called 'mash,' containing alcohol as a by-product, by and through and by means of a certain apparatus or plant known as a 'whisky still,' constructed out of a

steel tank, a galvanized iron pipe, a wooden thumping keg, a copper worm, and a cooling wooden barrel."

Upon his separate trial the jury returned a verdict finding William Fowler "guilty as charged in the information herein and assess his punishment at a fine of $225 and imprisonment in the county jail at 60 days." He has appealed from the judgment rendered upon such conviction.

The only testimony in the case was that of two officers.

J. E. Lester, undersheriff, testified that with Deputy Sheriff Pool, he went about 15 miles north of Wewoka, on the farm occupied by Walter Miles, and stayed all night; the next morning, about 10 o'clock, he saw the defendant helping to put a still together. He identified the copper worm and stated:

"I saw defendant arranging this pipe to run the whisky off. There was a water barrel, a coal oil or gasoline tank, I don't know which, and from that barrel a pipe into a keg, and from the keg another pipe into a barrel of water or a barrel that there was to have been water in. He was fastening this on the end of this pipe in the barrel when we came in on them. We also found some mash there, made out of cornmeal, sugar, and water. There was a fire under the boiler, and the mash in the boiler was just about ready to boil."

J. A. Pool, deputy sheriff, testified that he was with the undersheriff, and his testimony was substantially the same as that of the first witness.

When the state rested, counsel for defendant moved the court to advise the jury to return a verdict of not guilty, for the reason that the testimony is insufficient to establish the guilt of the defendant, which the court refused to do. Exception allowed.

The court instructed the jury, in part, as follows:

"3. You are instructed that in this state it is unlawful for any one to manufacture intoxicating liquors; but in this connection you are instructed that the state has failed to prove that the defendant is guilty of manufacturing liquor and that you cannot convict him of that offense.

"4. You are instructed, however, that embraced in the offense of manufacturing is the offense of attempting to manufacture liquor. So you are instructed that it is a violation of law to attempt to manufacture 'corn whisky,' and the punishment provided by law for the crime of attempting to manufacture corn whisky is a fine of not more than $250 and imprisonment in the county jail for a period not more than 90 days. (Excepted to by the defendant.)

"4A. Any person who does any act towards the commission of a crime, but fails or is prevented or intercepted in the perpetration thereof, is guilty of an attempt to commit such crime. (Excepted to by defendant.)"

The first error assigned is based on exceptions taken to rulings of the court sustaining the sufficiency of the information.

It is sufficient to say that the objections made to the information were properly overruled.

The next assignment is that the verdict is not sustained by sufficient evidence, and that the court erred in refusing to advise the jury to return a verdict of acquittal.

The record shows that the only issue submitted to the jury was the included offense of attempt to commit the crime charged and every essential element of the included offense was established by the evidence beyond a reasonable doubt.

Finally, it is contended that the verdict is insufficient to support the judgment and sentence.

Our Criminal Code provides:

"The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, or of an attempt to commit the offense." Section 2740, Comp. St. 1921.

Failure of a verdict to name the offense of which the jury found the defendant guilty does not invalidate it, if from its language, as a whole, no doubt can arise as to the offense of which he was convicted. Bowlegs v. State, 9 Okla. Cr. 69, 130 Pac. 824.

The record shows that attempt to commit the offense charged was the only offense submitted to the jury.

It follows that the verdict is sufficiently definite and certain as to the offense of which the defendant was convicted, and was sufficient to authorize the court to pronounce judgment and sentence.

The instructions seem to have correctly given the jury the law of the case.

Upon the record before us we are satisfied that the defendant had a fair trial. Accordingly, the judgment is affirmed.

MATSON, P. J., and BESSEY, J., concur.