E. W. TURNER v. STATE.

No. A-4400.　Opinion Filed June 17, 1924.

(226 Pac. 1064.)

(Syllabus.)

1. Trial—Verdict Leaving to Court Fixing of Punishment Held to Indicate Only that Jury Were Unable to Agree Thereon. Where the court had instructed the jury, advising the jury of the maximum and minimum punishments for violating the prohibitory liquor laws, to the effect that the punishment should be a fine in some amount together with imprisonment for a designated period, the verdict of guilty, qualified by the expression, "and leave the matter with the court to assess the fine," simply indicated that the jury were unable to agree upon the punishment.

2. **Trial—Jury Should Be Requested to Modify Verdict Improper in Form.** The verdict was irregular in form, and the jury should have been requested to, modify its verdict in proper form.

3. **Same—Verdict—Mere Irregularity in Form—Reduction of Penalty on Appeal.** Where a verdict of guilty is clear, a mere irregularity in form will not vacate the verdict, but may be considered by this court as operating to reduce the penalty to the minimum prescribed by statute.

Appeal from County Court, Alfalfa County; W. E. Wiles, Judge.

E. W. Turner was convicted of the illegal sale of intoxicating liquor, and he appeals. Modified and affirmed.

Hill & Kirkendall, for plaintiff in error.

The Attorney General, for the State.

BESSEY, J. E. W. Turner, plaintiff in error, defendant below, was convicted for the alleged sale of an indefinite quantity of blackberry wine to one Floyd Batson. Turner had previously had Batson prosecuted for breaking into Turner's house. While Batson was in jail on that charge, he lodged in the county court a complaint against Turner for selling him this wine.

Batson, the only witness for the state, says that in his judgment the wine had a 60 per cent. alcoholic content; three witnesses for the defendant claimed that it was sweet wine and without intoxicating properties. Defendant says he purchased it believing it was old wine, and that when he discovered that it had no "kick" he gave it away to the other witnesses. The jury, as indicated by their verdict, did not believe the defendant nor his witnesses.

The defendant claims that the judgment should be reversed because it does not conform to the verdict, which was as follows:

"We, the jury duly impaneled and sworn in the above-entitled action, do upon our oaths find the defendant guilty as charged, and leave the matter with the court to assess the fine."

It will be noted that the verdict recited that the defendant was guilty as charged; defendant says that the jury by the expression "and leave the matter with the court to assess the fine," indicated that it was their intention that a fine without imprisonment should be assessed. This could scarcely be true, because the court had previously instructed the jury, informing them of the maximum and minimum punishments prescribed by law, in which both a fine and imprisonment were named. The expression quoted simply meant that the jury were unable to agree upon the punishment. However, the verdict was in bad form (by a strained construction it might be deemed ambiguous), and it should have been reformed by the jury when the defendant objected to its reception on the ground of informality. Section 2743, Comp. Stat. 1921.

The jury in positive terms found the defendant guilty; therefore under the law he should at least suffer the minimum penalty. Under all the circumstances, as shown by this record, it is deemed advisable to modify the judgment of the trial court to confinement in the county jail for a period of 30 days and a fine of $50; it is therefore so ordered, and the judgment as so modified is affirmed.

MATSON, P. J., and DOYLE, J., concur.