## JIM THOMPSON et al. v. STATE.

No. A-4390.    Opinion Filed July 19, 1924.

(227 Pac. 892.)

(Syllabus.)

1. **Evidence—Indictment and Information—Information Describing Place to which Liquor Conveyed—Judicial Notice of Government Surveys of Land.** An information charging the offense of illegally transporting intoxicating liquor "from some place at and within Canadian county, unknown to the affiant, to another place therein, to wit, a point on the public highway on the section line running north and south between sections 20 and 21, township 13, range 5, Canadian county, state of Oklahoma," is sufficient.

   a. Courts will take judicial notice of government surveys of land.

2. **Intoxicating Liquors—Evidence Sustaining Conviction for Unlawful Transportation.** The facts and circumstances in evidence are sufficient to sustain the conviction as to both defendants.

Appeal from County Court, Canadian County; W. M. Wallace, Judge.

Jim Thompson and O. L. Anderson were jointly tried and convicted of the offense of unlawfully transporting intoxicating liquor, with punishment fixed as to Thompson at a fine of $250 and imprisonment in the county jail for 3 months, and as to Anderson at a fine of $100 and imprisonment in the county jail for 30 days, and they appeal. Affirmed.

E. T. Barbour, for plaintiff in error.

The Attorney General, for the State.

BESSEY, J.   This is a joint appeal by plaintiffs in error from judgments rendered in the county court of Canadian county on the 2d day of March, 1922, with punishment assessed against each defendant as above stated.

It is first contended that the court erred in overruling the demurrer to the information. The information charged

the offense as transporting "from some place at and within Canadian county, unknown to affiant, to another place therein, to wit, a point on the public highway on the section line running north and south between sections 20 and 21, township 13, range 5, Canadian county, state of Oklahoma."

It is contended that, while the state may allege the conveyance to be from a point unknown to a point known in the county, the description of the known point as set out in the information in the instant case is too indefinite and uncertain, and that the court should have sustained the demurrer thereto for that reason. Courts will take judicial notice of the location of lines and places located by government surveys of land. Wishard v. State, 5 Okla. Cr. 610, 115 Pac. 796. The information described the place to which the alleged conveyance of liquor was made by these defendants as nearly as it was possible to do, and was sufficiently definite to preclude a second prosecution for this identical offense.

It is also contended that the evidence is insufficient to sustain the conviction. The evidence is to some extent circumstantial. The defendants were first seen by a witness on a public highway between sections 20 and 21, township 13, range 5, in Canadian county, at a point about 5¾ miles north and one-half mile east of the town of Yukon in said county. They were traveling in an automobile, and in the back part of the car this witness noticed a couple of suit cases and an old quilt, under which was apparently concealed something that resembled a jug. This witness provided the defendants with some gasoline for their car and proceeded on his journey. Later he returned with an officer, and the defendants were found with the automobile on the public highway at a point about a city block distant from where they were first seen. Their car had broken down; the suit cases were still in the car, as well as the old quilt, but nothing was under the

quilt. Tracks were noticed leaving the car, across the road and into a field where a five-gallon water bottle full of whisky was found. These tracks led back from where the bottle of whisky was found to where the automobile was standing, and no tracks were discovered beyond where the bottle of whisky was found. This bottle of whisky was carried back to where the men were stopped with the broken down car, and the defendant Thompson was found to have a pint bottle about two-thirds full of whisky in his pocket. He stated to the parties that if they had had good luck they would have caught them with more whisky, and further said:

"There is no use having any trouble over this; you boys just take that whisky and sell it and keep the money."

The defendants, as witnesses, admitted that they had driven from Guthrie to where they were found, but denied having any whisky in the car and explained Thompson's possession of the pint bottle by stating that they bought that from a man who came along the road driving a truck.

We consider the facts and circumstances in evidence sufficient to sustain the conviction, and after a careful review of the record we find no errors sufficiently prejudicial to warrant a reversal of the judgment. The conviction as to each defendant is therefore affirmed.

MATSON, P. J., and DOYLE, J., concur.