### T. B. CHAPMAN v. STATE.

No. A-4553.     Opinion Filed Nov. 15, 1924.

(230 Pac. 283.)

(Syllabus.)

1.  **Intoxicating Liquors—Information for Illegal Transportation Held Sufficiently Definite.** An information charging the plaintiff in error with the illegal transportation of one-half gallon of spirituous liquor, to wit, corn whisky, from the street in front of the Liberty rooming house in Cotton county, Okla., to the back steps of the Liberty rooming house, held sufficient.

2.  **Witnesses—Cross-Examination—Right to Show Bias, Interest, or Prejudice.** For the purpose of testing the credibility of a witness, the plaintiff in error had a right, on cross-examination, to show bias, interest, or prejudice, if any he had.

3.  **Trial—Right to Instruction on Circumstantial Evidence.** A defendant is not entitled, as a matter of right, to an instruction on circumstantial evidence, except in cases where the evidence is wholly circumstantial.

Appeal from County Court, Cotton County; J. C. Norman, Judge.

T. B. Chapman was convicted of the illegal transportation of intoxicating liquor, and he appeals. Affirmed.

Walter Madden and D. B. Hubbell, for plaintiff in error.

The Attorney General and J. Roy Orr, Asst. Atty. Gen., for the State.

BESSEY, J.   This is an appeal from a judgment of the county court of Cotton county, in which the plaintiff in error, T. B. Chapman, was charged with the offense of transporting intoxicating liquor.   At the trial the jury found the plaintiff in error guilty as charged, and fixed his punishment at confinement in the county jail for a period of 90 days, and to pay a fine of $250.

The facts appearing in evidence are undisputed.   The record shows that Tom Adkins, a member of the police force of Walters, at about 12 o'clock at night saw the plaintiff in error, a man named Albright, and a woman in an automobile which had just been driven up to the front of the Liberty rooming house; that plaintiff in error got out of the car with a half-gallon fruit jar in his hand, and with the other hand he was attempting to force or assist the woman out of the car. As the officer approached, the plaintiff in error went into the rooming house with the fruit jar.   The officer arrested Albright and the woman, and directed another officer to go to the rear of the place to watch the rear exit, and sent for a search warrant to search the premises.

In the meantime, the plaintiff in error communicated with a friend, a Mr. Houston, who worked at the Palace garage, and directed him to go to the back entrance of the rooming house, where he would find a fruit jar, and to take the jar and contents and secrete them, so that the officers could not find them.   Houston attempted to do as directed but while so doing was arrested for transporting the jar of whisky from the back door of the rooming house to a spot about 85 feet distant, where he had secreted it in some weeds.   The plaintiff in error was

charged with conveying whisky from some unknown point in this rooming house; Houston was charged with conveying it from the rear of the rooming house to the spot where he hid it.

It is urged in this appeal that the allegations in the information were indefinite; that the averments did not sufficiently inform the plaintiff in error of the nature of the charge he was required to meet.

The information charged the plaintiff in error with the illegal transportation of one-half gallon of spirituous liquor, to wit, corn whisky, from the street in front of the Liberty rooming house in Cotton county, Okla., to the back steps of the Liberty rooming house. It would have been better for the county attorney to have designated in the information the name of the street and the town where this rooming house was located, but, under the circumstances disclosed by other portions of the record, it conclusively appears that the plaintiff in error was not misled; that he knew the location of the rooming house; and that he was sufficiently apprised of the nature and circumstances of the offense charged, and that he was in no way misled by any vice appearing in the information. Having suffered no wrong in this regard, the failure to plead more definitely was harmless.

The objection urged to this information may be distinguished, both in law and in fact, from like questions raised in the cases of De Graff v. State, 2 Okla. Cr. 519, 103 Pac. 538, and Hatfield v. State, 14 Okla. Cr. 514, 175 Pac. 531. The distinguishing features will be apparent, upon an analysis of the facts and reasons recited in those opinions.

Houston was one of the witnesses for the state, and on cross-examination was interrogated thus:

"Q. They arrested you, did they, Mr. Houston? A. Yes, sir.

"Q. Charged you with transporting? A. Yes, sir.

"Q. And you are under bond at this time?

"By Mr. Huff: Objected to by the state of Oklahoma as incompetent, irrelevant, and immaterial, and has nothing to do with this case.

"By the Court: The objection is sustained.

"To which ruling of the court the defendant excepts.

"Q. And I will ask you, Mr. Houston, if it is not a matter of fact that the county attorney has agreed to dismiss your case, if you testify in this case against this defendant?

"By Mr. Huff: Objected to by the state of Oklahoma, for the reason that the same is incompetent, irrelevant, and immaterial, and has nothing to do with the issues in this case.

"By the Court: The objection is sustained."

For the purpose of testing the credibility of this witness, the plaintiff in error had a right to show, on cross-examination, any interest, bias, or prejudice he might have, if any. It was error for the court to exclude the testimony sought to be elicited, as indicated above, and where an error of this character operates to the prejudice of a defendant it may be grounds for a reversal, but not necessarily so in every instance. Whether or not this witness was offered immunity is of little consequence, under all the facts and circumstances shown. Houston was not an accomplice in the offense for which the plaintiff in error was here being tried; he was guilty of a separate, subsequent transportation, made at the request of the plaintiff in error. There could be no advantage inuring to Houston to implicate the plaintiff in error in the previous transportation, except, perhaps, as a circumstance which might tend to mitigate his punishment for his own offense. Be that as it may, the record shows that Houston was a friend of the plaintiff in error, and an unwilling witness against him. His

story coincides with all other portions of the evidence relating to the finding and recovery of the jar of whisky found in the weeds a short distance from the rear of this rooming house.

The facts were such that the promise of immunity to Houston, if there was such promise, could not have altered his story, or, if it had been altered, the substance of it was supplied by the testimony of officers who were watching the rear of the rooming house, and saw Houston convey the whisky to the place where it was found. The refusal of the court to allow the witness to be so cross-examined was error, but, for the reasons stated, it will not be held sufficient to work a reversal of the judgment below.

Plaintiff in error complains, further, that he was convicted upon circumstantial evidence, and that the court should have instructed the jury upon the law of circumstantial evidence. The evidence in this case was for the most part direct. This court has held a number of times that a defendant is not entitled as a matter of right to an instruction upon circumstantial evidence, except in cases where the evidence is wholly circumstantial. Price v. State, 9 Okla. Cr. 359, 131 Pac. 1102; Hagerty v. State, 22 Okla. Cr. 136, 210 Pac. 301.

The judgment of the trial court is affirmed.

MATSON, P. J., and DOYLE, J., concur.