### ERNEST WISE v. STATE.

No. A-4649.      Opinion Filed Nov. 29, 1924.

(230 Pac. 930.)

(Syllabus.)

1.  Intoxicating Liquors—Evidence Sustaining Conviction for Unlawful Conveyance. In a prosecution for unlawfully conveying intoxicating liquor, evidence held to warrant a conviction.

2.  Jury—Waiver of Jury Trial in Misdemeanors. Under section 20, art. 7, Const., a person charged with a misdemeanor may waive a jury, the state consenting, and be tried by the court.

3.  Appeal and Error—Court's Findings Effective as Verdict Where Jury Waived. Findings of fact by the court, where a jury has been waived, have the same effect as if the case had been tried to a jury.

Appeal from County Court, Muskogee County; W. W. Cotton, Judge.

Ernest Wise was convicted of a violation of the prohibitory liquor law, and he appeals. Affirmed.

M. D. Hartsell, for plaintiff in error.

George F. Short, Atty. Gen., and J. Roy Orr, Asst. Atty. Gen., for the State.

DOYLE, J. Plaintiff in error, Ernest Wise, was tried, convicted, and sentenced to be confined in the county jail for 90 days, and pay a fine of $250, upon an information which, omitting merely formal parts, charges:

· "That the said Ernest Wise, in the county of Muskogee, state of Oklahoma, on the 12th day of December, 1922, did knowingly and unlawfully transport certain spirituous liquor, vinous liquor, fermented liquor, malt liquor, and intoxicating liquor, to wit, six (6) gallons of whisky from a point unknown to this affiant in Muskogee county, Okla., to another point in Muskogee county, Okla., to wit, on the public highway three (3) miles west of Haskell, Okla., contrary to," etc.

From the judgment the defendant appealed, by filing in this court, on April 19, 1923, a petition in error with case-made.

The record shows that when the case was called for trial, the defendant, the state consenting, waived trial by jury, and agreed that the same be tried and determined by the court without the intervention of a jury, and thereupon the court proceeded to hear the case.

A person charged with a misdemeanor may waive a jury and be tried by the court, the state consenting (article 7, § 20, Const.), which constitutional provision is self-executing. Cowden v. State, 5 Okla. Cr. 71, 113 P. 206; In re Wilkins, 7 Okla. Cr. 422, 115 P. 1118.

When the first witness was called, the defendant objected to the introduction of any evidence, for the reason that the

information fails to state facts sufficient to constitute an offense, which objection was overruled. Exception reserved.

Gus Whittaker, deputy sheriff, testified that in the afternoon of the day alleged he and John Birchfield came upon the defendant, traveling in a wagon, about three miles west of Haskell; that they arrested him, searched the wagon, and found one five-gallon jug of whisky, and one three-gallon jug nearly full. John Birchfield testified to the same state of facts, and further stated that the defendant told him that he had come from Concharty mountain, and that he had made the whisky there the night before.

The defendant offered no evidence, and at the close of the state's case moved for an acquittal in the form of a demurrer to the evidence, and on the ground of variance, in that the evidence disclosed that the place from which the liquor was transported was known to the county attorney when the information was filed, which was overruled. The information properly charges the offense of transporting intoxicating liquor, and the objection to the introduction of evidence was properly overruled. There is no question as to the defendant's guilt, and the variance was not prejudicial.

Section 2822, Comp. Stats. 1921, requires this court to determine appeals without regard to technical errors or defects in any matter of pleading or procedure, unless, in the opinion of the court, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right.

It is urged, on behalf of the defendant, that the sentence is unnecessarily severe, and should be reduced by this court.

In view of the undisputed statement of the defendant that he made the whisky the night before, we do not think the punishment imposed was excessive.

The judgment of the lower court is accordingly affirmed.

MATSON, P. J., and BESSEY, J., concur.