## BOB QUALLS v. STATE.

No. A-5013. Opinion Filed June 6, 1925.
(236 Pac. 446.)

J. H. Foster and Womack, Brown & Cund, for plaintiff in error.

George F. Short, Atty. Gen., and V. P. Crowe, Asst. Atty. Gen., for the State.

DOYLE, J.   The information in this case charged that in Stephens county, October 17, 1923, the defendant, Bob Qualls, "did willfully and unlawfully transport intoxicating liquor, to-wit, six half gallons of whisky from a place in section 14, 1 north, seven west, Stephens County, Okla., in the S. W. 1/4 of the N. E. 1/4 of said section to a place about 30 feet from the point of beginning." On the trial the jury returned a verdict, finding the defendant guilty as charged in the information, and fixing his punishment at confinement in jail for 60 days and a fine of $200. From the judgment entered upon the verdict, he appeals.

The assignments of error question the sufficiency of the information and the sufficiency of the evidence to support the verdict.

The undisputed facts are that two officers on the afternoon of the day alleged went to a pasture where they discovered a still being operated by two men named Boone and Sparks. The defendant was standing by with a sack containing six half-gallon jars of corn whisky. When the officers appeared, the defendant ran with the whisky about 30 feet, and on command of the officers stopped with the whisky at that point.

As a witness in his own behalf he testified that he had no intention of going anywhere with the whisky; that when the officers stepped out he ran four or five steps, or about 15 or 20 feet, with the whisky.

The pasture, it appears, was owned by Frank Crawford, who lived at Durant, and was leased by Bill Houk for the year. The defendant had no claim on the lease, but he did have 17 head of cattle in the pasture. It also appeared that Boone and Sparks, who operated the still, had worked for the defendant.

We deem it sufficient to say that under repeated decisions of this court the information is sufficient. Chapman v. State, 28 Okla. Cr. 208, 230 P. 283; Simmons v. State, 28 Okla. Cr. 329, 230 P. 757; Wise v. State, 28 Okla. Cr. 324, 230 P. 930; Thompson v. State, 27 Okla. Cr. 309, 227 P. 892. As to the sufficiency of the evidence there can be no doubt.

It is urged on behalf of the defendant that the sentence was excessive, and should be reduced in case the conviction should be sustained. The Attorney General calls the attention of the court to the case of Cook v. State, 26 Okla. Cr. 119, 222 P. 703, and states: "Upon the authority of that case we respectfully urge that the punishment in the case at bar is not excessive." When no error appears in the record, and the punishment imposed is warranted by the law and the facts in the case, it will not be reduced by this court because of apparent undue severity. To so reduce it would in such case be an act of clemency, and not a judicial review of the trial.

Finding no material error in the record, the judgment of the lower court is affirmed.

BESSEY, P. J., and EDWARDS, J., concur.