## FRANCIS BROOKS v. STATE.

No. A-5326.   Opinion Filed Feb. 27, 1926.
(243 Pac. 998.)

Sargent & Ross, for plaintiff in error.

Geo. F. Short, Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Kay county on a charge of transporting whisky and sentenced to confinement in the county jail for a period of 30 days and to pay a fine of $50.

Among the errors assigned is that during the course of the trial, and in the presence of the jury, the court in a comment on the evidence stated that the defendant was guilty of the crime charged. An examination of the record convinces us that this assignment is well taken. The following appears:

"By the County Attorney: Q. I am asking, was it Francis Brooks' whisky By Mr. Wilson (counsel for defendant): Object to that as immaterial. By the Court: It makes no difference whose whisky it was, the defendant transported it."

To this statement of the court exceptions were taken. Whether or not the defendant transported the whisky was the issue in the case. It was for the determination of the jury. A defendant, whether guilty or not, is entitled to have the questions of fact determined by the jury, without any intimation or unfair comment by the trial judge. For the trial court to indicate, as in this case, the guilt of the defendant, deprives him of a fair trial as guaranteed by the Constitution and the laws of this state, and is prejudicial error requiring a reversal. This has so often been held by this court that we deem it unnecessary to again review the authorities.

The case is reversed and remanded.

BESSEY, P. J., and DOYLE, J., concur.