## J. F. NANCE et al. v. STATE.

No. A-6728.  Opinion Filed June 8, 1929.
(278 Pac. 357.)

G. H. Montgomery and Ledbetter & Hudson, for plaintiffs in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, P. J.  The plaintiffs in error, hereinafter called defendants, were convicted in the county court of McCurtain county on a charge of the unlawful transporting of whisky, and were each sentenced to pay a fine of $100 and to serve 45 days in the county jail.

The record discloses that at the time charged certain officers saw defendants in a car from which one of the defendants took a package which he concealed, after which

the officers searched the place where the parties were seen and found a tow sack containing two half-gallon jars of whisky.

The first assignment of error argued is that the instructions did not fairly state the law applicable to the case in failing to inform the jury that they might convict one of the defendants and acquit the other, if the facts should warrant.

Counsel assert that the evidence does not warrant the conviction of defendant, Jones. The defendants were traveling together at the time the whisky was transported, and, while only one of them removed the package from the car, the jury could reasonably conclude that they were acting together. No request for any additional instruction was made at the time of the trial. The instructions as a whole fairly cover the law applicable. If defendants were not satisfied with the instructions, they should have requested a further instruction. Failing to do this, the error, unless fundamental, is waived. Merriott v. State, 18 Okla. Cr. 247, 194 Pac. 263; Dickson v. State, 26 Okla. Cr. 403, 224 Pac. 724.

It is next argued that the verdict is insufficient in form. There are two verdicts, one as to each defendant, finding such defendant guilty, fixing the punishment at imprisonment in the county jail "for a term of———and a fine of———," followed by the words "leaving penalty to the court." The court's attention should be called to the form of the verdict at the time it is returned, so that, if informal, it may be corrected. Pruitt v. State, 17 Okla. Cr. 434, 190 Pac. 894; Felice v. State, 18 Okla. Cr. 314, 194 Pac. 251; Kennedy v. State, 25 Okla. Cr. 306, 220 Pac. 61; Fowler v. State, 26 Okla. Cr. 170, 223 Pac. 206; Turner v. State, 27 Okla. Cr. 274, 226 Pac. 1064. No objection

was made, nor was the attention of the trial court called to the form of the verdict at the time they were returned. It would have been better form if the verdict had stated that the jury were unable to agree upon the punishment, but that is its clear import. Section 2743, Comp Stat. 1921; Love v. State, 12 Okla. Cr. 1, 150 Pac. 913; Stansell v. State, 30 Okla. Cr. 265, 235 Pac. 937.

The case is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.