# G. W. SCHULL v. STATE.

No. A-7017.   Opinion Filed Nov. 2, 1929.
(282 Pac. 178.)

Walter Matthews, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error hereinafter referred to as the defendant, was by information charged with manufacturing spirituous liquor, to wit, whisky, contrary to the statute of the state of Oklahoma, was tried and found guilty of attempting to manufacture whisky as charged in the information, and his punishment fixed at a fine of $50 and imprisonment in the county jail of Payne county for 30 days.   From the judgment and sentence the defendant has appealed to this court by transcript of the record.

The defendant has assigned as errors committed by the trial court: First, the court erred in giving to the jury instruction No. 4; second, the verdict of the jury and judgment of the court are not sustained by the pleadings and the law. Both of these assignments present the same question; the only question raised by the transcript that needs to be considered by this court is whether or not the defendant charged with the commission of an offense may under the evidence and proper instructions of the court be convicted under section 2297, C. O. S. 1921, of an attempt to commit that offense.

In this case the instructions of the court complained of by the defendant advised the jury that if it entertained a reasonable doubt of the guilt of the defendant of manufacturing whisky as charged in the information, and believed beyond a reasonable doubt that the defendant was guilty of an attempt to commit the offense of manufacturing whisky, that the jury should so find by its verdict and convict the defendant of an attempt to manufacture whisky, and then gave the jury the law as to what is necessary to constitute an attempt to commit an offense.

It is urged by the defendant that since the enactment of chapter 42, Session Laws of 1923-24, the defendant could not be punished for an attempt to violate the prohibitory liquor laws, as that act provides:

"It shall be unlawful for any person, or persons, within this state, to manufacture, ferment or possess, any compound mixture, mash, wort or wash fit for distillation, or for the manufacture of beer, wine, distilled spirits, or other alcoholic liquors, the sale, barter, giving away or otherwise disposing of which is prohibited by the laws of the state of Oklahoma." (Section 1.)

With this contention we cannot agree. The court properly instructed the jury as to the law. The Session

Laws referred to in no way repeal section 2297, C. O. S. 1921.

In Fowler v. State, 26 Okla. Cr. 170, 223 Pac. 206, in the second paragraph of the syllabus, this court said:

"On trial of an information for manufacturing intoxicating liquor, the court instructed the jury, in effect, that the evidence was insufficient to show defendant was guilty of the offense charged, and submitted the issue of attempt to commit the offense charged, and the punishment prescribed for an attempt to commit the offense. The verdict was, 'Guilty as charged in the information herein, and assess his punishment at a fine of $225 and imprisonment in the county jail for 60 days.' Held, that the verdict was sufficiently definite and certain as to the offense for which the defendant was convicted."

In this case the court properly instructed the jury as to the law of manufacturing intoxicating liquor, and an attempt to manufacture liquor. Under the instructions of the court as to the law the jury returned a verdict of guilty of an attempt to manufacture whisky, which verdict amounts to an acquittal of the charge of manufacturing whisky. The information was sufficient to advise the defendant of the crime with which he was charged, and there is no prejudicial error shown by the transcript.

The judgment of the trial court is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.