## ABE JARMAN v. STATE.

No. A-8855.   June 28, 1935.
(47 Pac. [2d] 220.)

Reuel W. Little, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, J.   Abe Jarman was convicted in the county court of Marshall county upon an information charging that in said county, February 9, 1934, he did "commit the crime of unlawful possession of still, intoxicating liquor, and mash in this," as alleged in three counts.   The verdict of the jury finds "the defendant, Abe Jarman, guilty on all three counts as charged in the information herein

and assess his punishment as a fine of $100.00 and 60 days in the county jail." Motions for new trial and in arrest of judgment were duly filed and overruled. From the judgment entered November 22, in pursuance of the verdict, he appeals.

The only witness in this case was Joe Everett, deputy sheriff. He testified that on the date alleged he made a trip to Abe Jarman's, seven miles west of Marietta on the McMillan highway; that the sheriff was with him.

"We hunted around his premises on the outside in some pasture. We went across the pasture following foot tracks from the house and then it played out, when we got to the rocky place there was not any trail and we looked around about the pasture and about 50 yards we found another path that led down to the branch and to the still. It was about a quarter of a mile from the defendant's house. It was in the same inclosure as the defendant's house. We found about eighteen gallons of whisky and eleven barrels of mash and a still."

On cross-examination he stated that the house where Clay Ross lives was just as close, if not a little closer; that the Billingsly's house was just about as close as the defendant's house; that Ernest Lynn's house was just a little bit east; that they talked to Mr. Lynn, and he said Abe Jarman had his car and went to Ardmore. Asked who had possession of this land, he said: "All I know is it was in the same inclosure"; that there were some other houses just as close as Mr. Jarman's.

The state rested, and the defendant interposed a demurrer to the evidence on the grounds that the same was insufficient to sustain a conviction.

The demurrer was overruled and exception reserved.

The sufficiency of the evidence to show the commission of the crime and the guilt of the defendant is not a

question in the discretion of the court. If there is any evidence tending to prove that the defendant had committed the crime charged in the information, it is not error for the court to overrule a demurrer thereto or to deny the defendant's request to advise the jury to acquit on the ground that the evidence is insufficient to warrant a conviction. Caido v. State, 7 Okla. Cr. 139, 122 Pac. 734.

The record shows that, after delivering the instructions to the jury, the court made the following remarks:

"By the Court: I call your attention to the fact that the defendant's attorney did not offer any evidence to sustain the statements made by him in his opening statement. By Mr. Little: The defendant desires an exception to your statement to the jury. By the Court: The defense wants to save an exception relative to opening statement not being sustained by evidence. Exception allowed."

Counsel contends that the remarks of the trial court were prejudicial and were in effect comments upon the failure of the defendant to testify and were comments upon the weight of the evidence in the case, citing and quoting from the case of Weinberger v. State, 8 Okla. Cr. 441, 128 Pac. 160, 161, wherein this court said:

"The statute is in accordance with the constitutional guaranty that 'no person shall be compelled to give evidence which will tend to incriminate him, except as in this Constitution specifically provided.' The clear intent of the statute is that the jury in determining their verdict shall entirely exclude from their consideration the fact that the defendant did not elect to testify, and any reference by the prosecuting attorney in his address to the jury to the fact that the defendant did not testify constitutes misconduct, and, under the terms of the statute, the trial court has no discretion, but must grant a new trial."

Also, in Brooks v. State, 33 Okla. Cr. 296, 243 Pac. 998, the syllabus reads:

"A trial court, during the course of the trial, should refrain from any expression of opinion as to the guilt or innocence of the defendant or the facts proven, and to express such opinion is reversible error."

Ordinarily improper remarks of the trial judge during the course of the trial will not be ground for reversal, where no prejudice arises therefrom. The Constitution of the state declares that "no person will be compelled to give evidence which will tend to incriminate him." Article 2, § 21. The state, unaided by the accused, assumes the burden of producing sufficient evidence to overcome the presumption of innocence. A defendant has the right to testify in his own behalf to disprove the charge against him. If he elects not to be a witness, he cannot be compelled to testify, and no inference prejudicial to him is to be drawn by his silence. If the trial judge or prosecutor be permitted to comment upon the failure of a defendant to testify, the foregoing provision of the Constitution would be meaningless.

On the record before us, we think the remarks of the trial judge may have improperly influenced the defendant's case before the jury and comes within the rule laid down in the cases cited.

Jurors are easily influenced by the remarks of a trial judge, and the greater care should be observed that nothing be said that can by any possibility be construed as an expression of the trial judge's views respecting the merits of a criminal case. Courts cannot be too circumspect in this regard. Pilgrim v. State, 3 Okla. Cr. 49, 104 Pac. 383; Shepherd v. State, 17 Okla. Cr. 630, 192 Pac. 238.

It is also contended that the court erred in the instruction given on the law of circumstantial evidence. The record shows that no objections were made or exceptions

taken to the instructions given by the court. This court has repeatedly called attention of counsel to the necessity of making timely objection to and request for instruction, if review is to be had in this court, otherwise the error, if any, will be considered waived, unless fundamental.

The information in this case is duplicitous, in that more than one offense is charged. The record does not show that a demurrer to the information was ever filed, and an objection that an information is duplicitous must be raised by demurrer in the trial court. Roebuck v. State, 14 Okla. Cr. 241, 170 Pac. 277.

For the reason stated, the judgment is reversed, and the defendant granted a new trial.

DAVENPORT, P. J., and EDWARDS, J., concur.