## TED CROWDIS v. STATE.

No. A-8986.   May 15, 1936.
(57 Pac. [2d] 1200.)

Meacham, Meacham & Meacham, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, for convenience hereinafter referred to as the defendant, was convicted of possession of intoxicating liquor with intent to sell, and was sentenced to pay a fine of $50 and be incarcerated in the county jail for a period of 30 days.

The testimony on behalf of the state shows that the officers went to the home of the defendant and searched it and found ten pints of bottled in bond whisky, a gallon and a half of what was classed as corn whisky, and 133 pints of home-brew. Some of the whisky and home-brew was found in the cellar under the house, and the other in different places in the home.

The defendant, testifying in his own behalf, stated the ten pints of bottled in bond whisky had been left at his place for Houston Dickey. The defendant did not know the name of the man he claims brought the whisky to his home and left it for Houston Dickey.

Houston Dickey, testifying in behalf of the defendant, stated he had arranged with the man and paid him $8 for the ten pints of whisky to be delivered at the defendant's home; he did not know the man's name from whom he bought the whisky, and could not give a definite description of the man, nor could the defendant describe the man with any accuracy who he claims brought the whisky to his home for Dickey. The corn whisky and home-brew the defendant stated he had for the use of himself and family. This is in substance the testimony.

The defendant has assigned thirteen errors which he insists were committed by the trial court, and are such erros as the defendant believes entitles him to a reversal.

His first assignment of error is that the evidence is wholly insufficient to sustain the verdict. With this contention we cannot agree.

If the witnesses for the state are to be believed, the defendant had more whisky in his possession than he was entitled to have under the law, and a sufficient quantity to raise the presumption of intent to sell.

It is next urged by the defendant that the court erred in admitting incompetent, irrelevant, and immaterial testimony which was prejudicial to his rights. The incompetent, irrelevant, and immaterial evidence alleged to have been admitted to his prejudice was the five cartons of home-brew. The state witnesses admitted they did not know the alcoholic contents of the home-brew, and that it had not been analyzed. The court instructed the jury to disregard the question of the home-brew, as there was no proof that the purported home-brew contained more than 3.2 alcohol, and they should not consider the same for any purpose. The defendant insists that, notwithstanding the court directed the jury to disregard any evidence as to the possession of the home-brew, the county attorney in his closing argument committed reversible error when he argued to the jury that he did not have the beer analyzed to prove the alcoholic contents because he wanted to save the county the expense of analyzing the brew, and that the defendant had, in addition to the beer, two and one-half gallons of whisky.

It is further argued by the defendant that, notwithstanding the court admonished the jury not to consider the home-brew, after the county attorney had argued the question of the admitting of the evidence of the home-brew to the court, in the presence of the jury, the court withdrew said admonition to the jury and approved the argu-

ment of the county attorney. This action of the court, in the absence of any testimony as to the alcoholic content of the home-brew, the defendant insists was reversible error, and was an improper argument for the county attorney to make, and prevented the defendant from having an impartial trial.

The defendant in presenting his argument as to the statements made by the county attorney in the trial of the case fails to show the closing argument of the county attorney was not in reply to the argument made by the attorney for the defendant, and does not show any of the argument made by the attorney for the defendant, which the county attorney insists his argument was in reply to.

In Sanders v. State, 46 Okla. Cr. 298, 287 Pac. 842, in the fourth paragraph of the syllabus, this court said:

"When the entire argument on both sides is not before the court, and the county attorney, commenting on the testimony, contends that his argument is based on the argument of defendant's counsel, and is in line with the testimony in the case, and the trial judge overrules the objection to such argument, this court will not pass on the alleged error, unless the argument complained of constitutes a violation of some constitutional or statutory right of the defendant. Under such circumstances, the presumption is that the trial judge ruled that such argument was permissible, and the burden is upon the defendant to affirmatively show error in the ruling of the trial court."

Carefully considering the record before this court, we hold that the argument of the county attorney, based upon the facts in this case, was not prejudicial to the rights of this defendant. Payne et al. v. State, 21 Okla. Cr. 416, 209 Pac. 334; Wilson v. State, 24 Okla. Cr. 332, 217 Pac. 885.

Some of the argument of the county attorney was improper, and, as the court had directed the jury to disregard any statement made with reference to the home-brew found at the defendant's home, the court should have admonished the county attorney to refrain from any argument on the question of home-brew.

In the trial of lawsuits it is the duty of the county attorney to confine himself to the competent testimony admitted, and, when he refuses to do so, it is the duty of the court to direct the county attorney to confine his arguments to the testimony admitted.

The defendant next complains of the instructions of the court, and contends that the court in its instructions failed to define prima facie evidence. Where counsel for the defendant believed the instructions were not sufficiently full or definite, he should have prepared complete and definite instructions and submitted them to the court. Nance v. State, 43 Okla. Cr. 247, 278 Pac. 357, and cases therein cited.

Where the court instructs the jury, and counsel fails to request additional instructions, the case will not be reversed on this ground. If counsel for the defendant is of the opinion that additional instructions should be given to the jury, it is his duty to reduce them to writing and submit them to the trial judge and request they be given. If he fails to do this, a conviction will not be reversed unless this court is of the opinion, in the light of the entire record and instructions of the court, that by failure of the trial court to instruct the jury upon some material question of law the defendant has been deprived of a substantial right. Campbell v. State, 42 Okla. Cr. 156, 274 Pac. 1094.

The testimony of the defendant and Houston Dickey, as to Dickey having ordered ten pints of bottled in bond whisky to be delivered at the defendant's house, in view of the fact that neither of them could describe the man with sufficient accuracy that he might be identified, does not seem reasonable, and it is apparent the jury doubted the truthfulness of their statements.

The evidence shows the defendant had possession of two and a half gallons of whisky, which under the law is presumptive evidence of his intent to barter, sell, give away, or otherwise dispose of the same to others, and the quantity of whisky he had is sufficient to overcome the presumption of innocence. The evidence is amply sufficient to sustain the conviction. The court imposed the minimum punishment under the law. The defendant was accorded a fair trial, and the errors in the record are not sufficient under the testimony to warrant this court in reversing the case.

The judgment is affirmed.

DOYLE, J., concurs. EDWARDS, P. J., absent, not participating.