## ELMER GADDY v. STATE.

No. A-10457. Oct. 17, 1945.
(162 P. 2d 787.)

S. E. Dunn, of Tulsa, for plaintiff in error.

Randell S. Cobb, Atty. Gen., for defendant in error.

JONES, J. The defendant, Elmer Gaddy, was charged by information filed in the district court of Tulsa county with the crime of assault with intent to kill; was tried, convicted of the offense of assault with a dangerous weapon, and was sentenced to serve six months in the county jail, and has appealed.

The only assignment of error presented in the brief of the defendant is that the court committed fundamental error in failing to give the jury an instruction on the law of self-defense, or to submit to the jury any instruction on the defendant's theory of the case. No brief has been filed by the state.

At the time of the conflict out of which these charges were filed, the defendant and J. E. Medlin, the person alleged to have been assaulted, were residents of Broken Arrow. Some few months previous to the alleged assault, Medlin. and his wife had divorced and she had gone to California with the defendant. After the return of the defendant Gaddy to Broken Arrow, Medlin on various occasions accused him of breaking up his home. They had had altercations on at least two occasions prior to the time in question, and on one of these occasions, both Gaddy and Medlin had paid fines in the police court for fighting. Although the proof is disputed as to who started the altercation out of which the injuries to Medlin were inflicted, from which this charge was filed, it appears without dispute that Medlin on the former occasions had taken the initiative in starting a fuss with the defendant.

On the date in question, according to the proof of the state, Medlin and Gaddy, together with other persons, were in a service station. Medlin started to leave the station to help push another person's car, and, as he started to leave, the defendant rushed at him and cut him on the neck with a pocketknife. Medlin was taken to a hospital for treatment and was under a doctor's care for several days. The doctor described the injury sustained by Medlin and expressed the opinion that it was inflicted by a knife.

Witnesses for the defendant testified that the defendant did not touch Medlin and that they did not see any knife, but that Medlin came into the filling station and dared the defendant to come outside and fight and stated, "I will whip you." That Medlin stumbled and fell when he went through the door of the service station and struck the rear of an automobile, inflicting the injuries complained of.

The defendant himself testified that Medlin started out of the door and that he started behind him and that he struck Medlin with his fist while Medlin's back was turned, that Medlin commenced to run and stumbled and fell against the back of an automobile and cut his neck and that he, the defendant, did not have a knife in his hand and did not inflict the injury upon Medlin.

No requested instructions were presented by the attorney for the defendant and no exception was saved to the giving of any instruction. The court did give an instruction on the defendant's theory of the case as follows:

"You are instructed that the defendant's defense in this case is that he committed no assault upon J. E. Medlin with a knife or other sharp or dangerous weapon and that the injury or injuries alleged by the state to have been inflicted upon the said J. E. Medlin were not caused by the defendant, as charged in the information."

At no point in the testimony of the defendant did he raise an issue of self-defense, although, in former altercations had between the two parties, defendant did state that Medlin had started them and that everything he did was in the nature of resisting assaults by Medlin. The defendant did not claim that he struck Medlin in self-defense in the instant case, but his defense was a denial that he inflicted the injuries complained of and

claimed in that connection that the injuries were caused when Medlin stumbled and fell against the rear of an automobile parked in the driveway of the filling station.

If counsel for the defendant thought that the instructions of the court were not sufficiently full or definite upon any proposition, or that the court had failed to instruct upon a proposition deemed by him material, it is his duty to prepare and present to the court a correct and complete instruction and request that it be given. Nance et al. v. State, 43 Okla. Cr. 247, 278 P. 357; Merriott v. State, 18 Okla. Cr. 247, 194 P. 263; Dickson v. State, 26 Okla. Cr. 403, 224 P. 724.

The evidence in this case raised an issue of fact for the determination of the jury. The punishment was fixed by the jury. They saw the witnesses and heard the testimony and their findings based upon competent evidence will be sustained by this court on appeal. The judgment is affirmed.

BAREFOOT, P. J., concurs. DOYLE, J., not participating.