# SMITH v. STATE.

No. A-11060.   Sept. 28, 1949.

(210 P. 2d 190.)

C. D. Wilkinson and Tom Finney, Idabel, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, J.   Plaintiff in error, Raymond Smith, defendant below, was charged, tried, convicted by a jury and sentenced to three years in the penitentiary in the district court of McCurtain county, Okla., for the crime of larceny of domestic animals, to wit, three calves.   The crime is alleged to have occurred on or about June 17, 1947.

It will not be necessary to review the evidence in the case at bar. It is sufficient to say that all of the state's evidence as to identity and ownership of the cattle allegedly stolen was entirely circumstantial. The defendant contends that the evidence was insufficient to establish the corpus delicti. He admits that proof of the corpus delicti may be made by circumstantial evidence. He cites Brown v. State, 13 Okla. Cr. 111, 162 P. 449, wherein it is said:

"In a prosecution for larceny of a domestic animal, circumstantial evidence may be resorted to for the purpose of proving the corpus delicti, in the same way and to the same extent that it may be for the purpose of connecting the accused with the commission of the offense."

Such is the clearly established law. In this connection we have reviewed the record, and while the evidence is conflicting and contradictory in some particulars, we believe it sufficient to sustain the verdict. See, in this connection, Tobler v. State, 87 Okla. Cr. 25, 194 P. 2d 202, wherein the court said:

"Where one is charged with the crime of larceny of live stock and the evidence is conflicting, the judgment and sentence will not be set aside where the evidence is sufficient to sustain the same."

The defendant's next contention is the court erred in instructions Nos. 4 and 5 by specifically naming Paul Johnson and omitting the name of Junior Lewis as an accomplice. The defendant does not question the correctness of the court's instructions except by reason of the omission of the name of Junior Lewis. At the time of the trial no objection was interposed to the form of instructions Nos. 4 and 5 and the omission was not called to the attention of the court. If the defendant thought that the instruction was not sufficiently full and definite,

he should have prepared and submitted to the court an instruction that was. In any event he should have objected or called the matter to the court's attention at the time of trial. By his failure so to do he waived the right to complain in this regard, the instruction otherwise correctly stating the law as it did in the case at bar, Nance v. State, 43 Okla. Cr. 247, 278 P. 357; Crowdis v. State, 59 Okla. Cr. 275, 57 P. 2d 1200. See, also, Jarman v. State, 57 Okla. Cr. 226, 47 P. 2d 220, holding the right to object under such conditions is waived, unless error was fundamental. To the same effect is Story v. State, 73 Okla. Cr. 273, 120 P. 2d 387, and Gentry v. State, 86 Okla. Cr. 92, 189 P. 2d 626. The error complained of in instructions 4 and 5 was not fundamental.

Next, the defendant contends the evidence being purely circumstantial, the court should have granted defendant's request for an instruction thereon. It is conceded that where the evidence is both direct and circumstantial it is not error to refuse to give an instruction on circumstantial evidence, Carroll v. State, 54 Okla. Cr. 196, 16 P. 2d 891, but where the state's evidence, as in the case at bar, is entirely circumstantial as to whether a theft was committed and whether, if so, the defendant committed it, it is error not to give an instruction on circumstantial evidence, Chapman v. State, 28 Okla. Cr. 208, 230 P. 283; Green v. State, 29 Okla. Cr. 145, 232 P. 853; Scroggins v. State, 54 Okla. Cr. 54, 14 P. 2d 237; Carroll v. State, supra, and many other cases to the same effect. This contention is well grounded. It was error for the court not to give an instruction on circumstantial evidence, and for this reason the cause is reversed and remanded for a new trial.

JONES, P. J., and POWELL, J., concur.