Ceasar Adolph JONES, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-78-284.

Court of Criminal Appeals of Oklahoma.

April 29, 1980.

Edwin W. Ash, Ash, Shamas & Crews, Okmulgee, for appellant.

Larry Derryberry, Atty. Gen., Duane N. Rasmussen, Asst. Atty. Gen., for appellee.

## OPINION

CORNISH, Presiding Judge:

From his conviction of Shooting With Intent to Kill, this appeal is brought from a twenty (20) year sentence imposed on the appellant in Okmulgee County, Case No. CRF-74-152.

Reversal is urged on the following grounds:

1. Prejudicial closing argument;
2. Improper testimony relating to appellant's arrest;
3. The verdict form was improper.

Officer Harry Ledbetter of the Okmulgee Police Department was shot in the shoulder, back of the neck and side of his head in attempting to arrest the appellant on a disturbance call. When the appellant refused to come back to the police car, the officer grabbed a shotgun from the car and shouted, "This is the police." The officer's gun malfunctioned and he was shot by the appellant.

First complained of as error is testimony from Officer Baker relating to failure of the appellant to answer the knock on the door when the arrest was made, subsequent to the shooting. He argues that the testimony of the officer fails to show consciousness of guilt or to be a part of the res gestae. The State counters by contending that the time lapse between the knock on the door and the actual arrest was used by the appellant to hide the shotgun which was later found in the attic. The admission of this testimony was properly within the discretion of the trial judge, and we find that discretion was not abused. We find *Noah v. State*, Okl.Cr., 562 P.2d 950 (1977), to be dispositive of this issue.

Next urged for reversal and remand is that the sentence on the verdict form was filled out by the foreman in open court and,

thus, the sentence should be reduced to the statutory minimum in accordance with our prior holding in *Turner v. State*, 27 Okl.Cr. 274, 226 P. 1064 (1924). Although it might have been the better practice to send the jury back to complete the form, the jurors were in fact polled in open court as to the unanimous verdict. We find that the verdict lacked any ambiguity and was thus proper. See *Disheroon v. State*, Okl.Cr., 357 P.2d 236 (1960), and *Nix v. State*, Okl.Cr., 453 P.2d 309 (1969).

■ Lastly argued, and of grave concern to us, are the following comments of the prosecutor, Mr. A. O. Webb, in his closing argument to the jury.

"[MR. WEBB] Now, Ladies and Gentlemen, you have heard the evidence, but I say to you, the state of law enforcement is a sad situation in this country today and the biggest hangup in it is people that sits in these jury boxes . . . and they don't have the intestinal fortitude to enforce that law and inflict penalties that will pay for the penalties that the crime warrants. We can't live here if people in these [juries] let these people, for no reason, go around killing their policemen.

"MR. ASH: We're going to object to that, Your Honor, and we're going to move for a mistrial on that statement he's made to the jury there. He's putting a threat on the jurors to convict this man or else.

"MR. WEBB: I'm not threatening to, Your Honor.

"THE COURT: You have stated your objection. That's enough.

"MR. ASH: We move for a mistrial.

"THE COURT: Be overruled. Ladies and Gentlemen, don't pay any attention at all to any argument made by Counsel unless you find it justified from the evidence in this case."

The appellant urges that this argument was calculated to inflame and prejudice the jury into imposing the maximum sentence. The Attorney General responds by stating that the argument was made by the District Attorney "to persuade the jury to do its duty in accordance with the State's view of the case." This argument defies logic.

Nearly two years ago in that same district, in another case involving injury to a police officer, *Cooper v. State*, Okl.Cr., 584 P.2d 234 (1978), similar prosecutorial misconduct was found to be reprehensible and warranted modification of the sentence imposed. In the instant case, the evidence of guilt is overwhelming, and we could speculate that in most counties the maximum sentence might have been imposed. Although a defendant is not entitled to a "perfect" trial, as a minimum standard of due process, he is entitled to a fair trial. The admonition by the trial judge did not cure the error.

The role of the jury in our system of jurisprudence, a sacred role indeed, is to impartially reach a verdict based upon legal evidence submitted to it. This function of a jury is difficult enough without being badgered and blamed for meting out light sentences and returning criminals to the streets in their community.

We are of the opinion that the argument was error, but due to the overwhelming evidence of guilt, the sentence is hereby *MODIFIED* from twenty (20) years' imprisonment to ten (10) years' imprisonment and, in all other respects, the judgment and sentence is *AFFIRMED*.

BRETT and BUSSEY, JJ., concur.