## OTIS TITTLE v. STATE.

No. A-1066.   Opinion Filed June 8, 1912.

(123 Pac. 1036.)

TRIAL—Joint Indictment—Verdict—Sufficiency.   Where two defendants are jointly prosecuted and tried and the jury returns a verdict finding one of them guilty but does not mention the name of the other defendant in such verdict, this does not render the verdict void for uncertainty against the defendant found guilty. This objection was waived because not made when the verdict was presented to the court and before the jury was discharged.

(Syllabus by the Court.)

*Appeal from Craig County Court;*
*S. F. Parks, Judge.*

Otis Tittle was convicted of violation of the prohibitory law, and appeals.   Affirmed.

*James S. Davenport,* for appellant.

*Smith C. Matson,* Asst. Atty. Gen., and *C. Caldwell,* Co. Atty., for the State.

FURMAN, P. J.   We have gone over this case carefully and find no error in the record which would authorize us to grant a new trial.   All of the various questions raised by counsel for appellant have already been decided adversely to the contentions made, as will appear from an examination of the printed reports of this court.   Our time is too much occupied to enable us to discuss a question over an indefinite number of times.   There is only one question which we desire to discuss.   The third ground of appellant's motion for a new trial is as follows:

"Because the return of the jury in this case does not show that either Otis Tittle or John Britt was convicted, but there appears to be a mark run through the name of John Britt in the caption of one of the forms of verdict prepared by the court, but the name of either of the defendants is not given in the verdict nor was it a verdict of acquittal against the defendant John Britt."

The record shows that the appellant and John Britt were jointly indicted and jointly tried. The verdict in the case, however, was against the appellant alone. This record fails to show whether John Britt was acquitted or convicted, or whether the jury failed to find a verdict against him at all. Appellant contends that the failure of the jury to render a verdict against John Britt renders the verdict returned against appellant void. We do not agree with this contention.

In the case of *State v. Cotterel et al.*, 12 Idaho, 572, 86 Pac. 527, the Supreme Court of Idaho held that, where two defendants were jointly informed against and tried together for grand larceny, the jury might bring in a separate verdict against each as though there was but a single defendant in each case, and that such verdict did not prejudice either of the defendants.

So far as the rights of this appellant are concerned, it is immaterial as to what became of the case against John Britt. We therefore think that the contention of appellant is without merit. But be this as it may, if there is anything in this contention, the objection should have been made when the verdict was presented, in order that it might have been corrected by the jury, if necessary. It is too late to raise such questions in a motion for a new trial.

The evidence in the case fully sustains the verdict, and the records of this court show that appellant is not only guilty in this case but that he is also a confirmed offender. The sooner such men learn that if they want to keep out of jail they must quit violating the prohibitory laws of Oklahoma, the better it will be for them and the state. This court is not splitting hairs to keep such men out of jail.

The judgment of the lower court is therefore in all things affirmed.

ARMSTRONG and DOYLE, JJ., concur.