## G. W. HUCKABY ·v. STATE.

No. A-3807.   Opinion Filed Jan. 13, 1923.
(211 ·Pac. 525.)

(Syllabus.)

1. **Indictment and Information—Requisites—Precedent Crime and Particular Crime to Be Alleged in Ordinary and Concise Language.**—Ordinarily, where it is necessary to prove a precedent crime upon which hinges the particular crime charged, both should be pleaded in such detail, in ordinary and concise language, as will enable persons of common understanding to know the nature and import of the accusation.

2. **Same—Escape—Information not Showing Principal Guilty of Particular Felony.**—If the allegations in the information are insufficient to show that the principal was guilty of a particular felony, the allegations would be insufficient to put the accused on trial for aiding a felon.

3. **Indictment and Information—Information Challenged by Objection to Evidence.**—An objection to the introduction of evidence on the ground that the information does not state facts sufficient to constitute a crime is sufficient to challenge the sufficiency of the averments of the information.

4. **False Pretenses—Securing Property on Strength of Purchaser's Promise to Take Care of Checks Delivered in Payment in the Future not "False Pretense"—Larceny by Fraud.**—Where checks are given in payment of the purchase price of cattle and the vendors are expressly informed that there is then no money in the bank to honor such checks, but part with the cattle on the ·strength of the purchaser's promise to take care of such checks in the future, a failure to keep these promises does not constitute false pretense within the meaning of section 2146, Comp. Stat. 1921.

    (a) Obtaining money by such deception may constitute larceny by fraud.

5. **Escape—Commission by Principals in Original Offense.**—Usually the offense of aiding a felon to escape is committed by an accessory after the fact, but the offense may be committed by one of the principals in the original offense, under the terms of 1621, Comp. Stat. 1921.

Appeal from District Court, Kiowa County; Frank Mathews, Assigned Judge.

G. W. Huckaby was convicted of the crime of aiding and assisting another to escape, and he appeals. Reversed.

Thos. W. Conner and Rummons & Hughes, for plaintiff in error.

· Geo. F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

BESSEY, J. G. W. Huckaby, plaintiff in error, was on the 7th day of January, 1920, by a verdict of the jury, convicted in the district court of Kiowa county of the offense of assisting one N. J. Riley to escape arrest for a felony, as charged in the information, and his punishment was assessed at confinement in the penitentiary for a term of two years.

The record shows that the defendant Huckaby and N. J. Riley entered into an agreement or conspiracy in which N. J. Riley was to purchase cattle from various farmers and obtain possession of such cattle by giving to the vendors checks drawn upon a bank in which Riley had no funds; that Riley was to tell the vendors that the checks would not be honored until a later day, when he would place money in the bank to take care of them. There was no intention on the part of either Riley or Huckaby to take care of these checks. In the meantime the cattle so procured were to be sold and the proceeds divided between the coconspirators. Pursuant to this fraudulent plan cattle were so obtained and sold, and the proceeds, amounting to more than $1,000, were equally divided between the two.

· Defendant's part of the transactions was to help procure this money and to prevent the arrest of Riley for false pretenses. It appears that defendant was a real estate and insurance agent, and also a quasi lawyer, with an office at Hobart, and that he conceived the plan as stated above, and

induced Riley to join with him in its execution. Defendant advised Riley that a false promise expressly made to be carried out in the future, would not support a prosecution for false pretense, though funds were procured upon the promise so made. After Riley procured cattle from various farmers in this manner and immediately sold them and divided the proceeds, and when his arrest seemed imminent, pursuant to this agreement defendant conveyed Riley to the mountains some distance away and secreted him there. For some time each kept the other advised of conditions. After some days, upon the suggestion of the defendant, Riley left the locality, and was finally apprehended and arrested at Paris, Tex., where he was living under an assumed name. After being brought back to Oklahoma he entered a plea of guilty to the charge of obtaining property by means of a bogus check. Defendant was then prosecuted in this case for aiding and assisting a felon to escape, as herein charged. Defendant denied the conspiracy, and denied aiding in the escape of Riley. The story told by Riley, who was a witness for the state herein, was amply corroborated by circumstances and by the testimony of several other witnesses, to the effect that defendant was a coconspirator, and that he aided Riley to escape and evade arrest.

Defendant claims: First, that the information does not state facts sufficient to charge a crime under the statute upon which it is predicated; second, that the evidence shows that if Riley was guilty of a felony it was not that of obtaining money under false pretense, and that therefore the proof fails to establish the crime charged; third, that it is no crime for a principal to aid a confederate to escape, where such escape would inure to the principal's benefit.

The charging part of the information filed herein is as follows:

"That G. W. Huckaby did * * * knowingly, wrongfully and feloniously * * * aid and assist one N. J. Riley, who was seeking to escape arrest for a felony committed in the state of Oklahoma, viz., obtaining personal property from L. A. Hopkins by bogus check by transporting him, the said N. J. Riley, in an automobile from Hobart, Okla., to the mountains in the southwest portion of said Kiowa county, and advising and directing the said N. J. Riley to seek escape from arrest in flight from said mountains to parts unknown, he, the said G. W. Huckaby, then and there well knowing that the said N. J. Riley was seeking to escape arrest for said felony."

The statutes upon which this prosecution is predicated are sections 1621 and 2146, Comp. Stat. 1921, as follows:

"Any person who shall knowingly feed, lodge, clothe, arm, equip in whole or in part, harbor, aid, assist or conceal in any manner any person guilty of any felony, or outlaw, or fugitive from justice, or any person seeking to escape arrest for any felony committed within this state or any other state or territory, shall be punished by imprisonment * * * in the penitentiary for a period not exceeding ten years."

"Any person who, with intent to cheat and defraud, shall obtain, or attempt to obtain, from any other person or persons, any money, property, or valuable thing, by means or by use of any trick or deception, or false or fraudulent representation, or statement or pretense, or by any other means or instrument or device, commonly called the 'confidence game,' or by means or by use of any false or bogus check or by any other written or printed or engraved instrument or spurious coin or metal, shall be deemed guilty of a felony, and, upon conviction, be punished by imprisonment in the penitentiary for a term not exceeding seven years."

No demurrer to the information herein was filed, but after the defendant announced ready for trial he interposed an objection as follows:

"Mr. Hughes: Comes now the defendant and asks leave of the court to withdraw his plea of not guilty herein for the

purpose of objecting to the introduction of any evidence on the part of the state, for the reason that the information as amended herein fails to state facts sufficient to constitute a commission of a public offense against the laws of the state of Oklahoma.

"By the Judge: Overruled.

"Mr. Hughes: Exceptions.

"Mr. Hughes: Comes now the defendant and objects to the introduction of any testimony on the part of the state for the reason that the information herein, as amended, fails to state facts sufficient to constitute a public offense having been committed on the part of the defendant against the laws of the state of Oklahoma.

"By the Judge: Overruled.

"Mr. Hughes: Exceptions."

Ordinarily, where it is necessary to prove a precedent crime upon which hinges the particular crime charged, both should be pleaded in such detail, in ordinary and concise language, as will enable persons of common understanding to know the nature and import of the accusation; as, for instance, where one is charged as an accessory after the fact the original felony should be pleaded with the same degree of certainty as would be required to sustain a prosecution against the principal. Bishop's New Crim. Procedure, vol III, "Accessory," §§ 5' 8, 10, 11; 22 Cyc. 363; Tully v. Commonwealth, 11 Bush (Ky.) 154.

In State v. King, 88 Minn. 175, 92 N. W. 965, the court said:

"It is not sufficient to charge that the principal committed a felony, naming it, but the facts constituting the same must be particularly averred."

Inferentially our own court held to the same effect in Douglas v. State, 15 Okla. Cr. 648, 179 Pac. 947. In the Doug-

las Case it was charged that the principal procured the sum of $10 by means of a false and bogus check of a certain tenor, purport, and effect, reciting the check in detail, and concluding by saying that the check was false and bogus, all of which the accused well knew, and setting out the details of the fraud practiced by the principal to procure the money by means of said bogus check. It was held that such an information, charging that the accused aided the principal to escape, was sufficiently definite and certain. The check was particularly described and the manner of its negotiation averred—essential elements entirely wanting in the case here. Bennett v. State, 21 Okla. Cr. 27, 204 Pac. 462.

The term "bogus check" is unlike many other terms having well-defined or self-explanatory meanings in criminal law. It is a more or less idiomatic expression, the meaning of which as a whole cannot be ascertained from the expression alone. It therefore follows that the averments should set forth how and in what particular the check is false or bogus, in all cases where the evidence will sustain a prosecution under this statute. In such cases we think there should be an averment as to who drew the check, the manner of its negotiation, and from whom and in what manner the money or property was obtained.

If the allegations in the information are insufficient to show that the principal was guilty of a particular felony the allegations would be insufficient to put the accused on trial for aiding a felon to escape.

An objection to the introduction of evidence on the ground that the information does not state facts sufficient to constitute a crime is sufficient to challenge the sufficiency of the averments of the information. Stone v. State, 12 Okla. Cr. 313, 155 Pac. 701; Simpson v. State, 16 Okla. Cr. 533, 185 Pac. 116; Section 2616, Comp. Stat. 1921, and cases cited.

It is claimed further that, assuming that the information in this case is good, the evidence is insufficient to support the charge. The bogus check statute (section 2146, Comp. Stat. 1921) is a part of our penal statutes relating to obtaining money under false pretenses. To constitute a crime a false pretense there must be a false representation of an existing fact. If every breach of a false promise of a pecuniary nature to do something in the future constituted a crime, it would tend to involve the courts and the people in endless prosecutions. The inherent difficulty of determining the culpability of the maker of false promises to be fulfilled in the future makes it expedient to except this class of frauds from the rule. This rule is universal, so far as we know. At any rate, this court will not disturb it until the Legislature specifically so directs.

In this case the vendors of the cattle were all informed at the time the checks were given that there were then no funds in the bank to honor the checks, but the purchaser falsely promised that on a certain day following money would be deposited to take care of them. In our judgment these facts did not constitute the act a crime within the meaning of section 2146, supra. This iniquitous fraudulent scheme probably amounted to larceny by fraud. 17 R. C. L. 14, 15; cases cited in Shive's Digest, 695, 696.

The next inquiry is: Where two are jointly implicated in the commission of a crime, does the aiding by one in the escape of the other constitute a separate crime under the provisions of section 1621, supra? Two crimes may be committed by one and the same act, as larceny and arson, robbery and murder. We know of no reason why this should not also be true where the original offense is committed by both and each aids the other to escape, or one aids the other to escape, contrary to a penal statute making it a crime to aid any felon to escape. An accessory after the fact is punishable for a separate offense.

Usually the offense of aiding a felon to escape is committed by an accessory after the fact, but may it not be done by an accessory before the fact or by a coprincipal? The fact that both were implicated in the original crime would not, in our opinion, change the rule where the statute makes no exception to that effect. The object of the statute is to punish all who in this way obstruct justice. Neither would the fact that the aid given the other felon was given for the aider's own protection alter the rule or operate as a justifiable excuse. Sections 244, 245, Brill's Cyc. of Crim. Law.

The case is reluctantly reversed, and remanded, with instructions to proceed with the prosecution in accordance with the law as herein stated.

MATSON, P. J., and DOYLE, J., concur.