## REE STANSELL et al. v. STATE.

No. A-4642.    Opinion Filed May 6, 1925.
(235 Pac. 937.)

(Syllabus.)

1.  **Trial—Verdict Finding One or More of Joint Defendants Guilty, and Omitting Names of Others, not Void.**  When two or more defendants are jointly charged and tried, a verdict finding one or more of them guilty and omitting the name or names of the other defendants is not void.

2.  **Same—Verdict Supported by Record as Intent of Jury.**  Where, from an examination of the verdict and the entire record, the intent and purpose of the jury as expressed in their verdict may be clearly ascertained, it will be upheld.

3.  **Intoxicating Liquors—Unlawful Possession—Sufficiency of Evidence.**  Evidence examined, and held to be sufficient as to defendant J. J. Morrison and insufficient as to defendant Ree Stansell.

Appeal from County Court, Tulsa County; John P. Boyd, Judge.

Ree Stansell and J. J. Morrison were convicted of possession of intoxicating liquor, and appeal. Reversed and remanded, with directions, as to Ree Stansell, and affirmed as to J. J. Morrison.

A. E. Montgomery, for plaintiffs in error.

George F. Short, Atty. Gen., and J. Roy Orr, Asst. Atty. Gen., for the State.

EDWARDS, J.  An information charging the possession of whisky with intent to sell was filed against Ree Stansell and F. W. Stansell, his son, and J. J. Morrison and J. C. Morrison, Jr., his son. Upon a trial, F. W. Stansell and J. C. Morrison, Jr., were acquitted. Ree Stansell and J. J. Morrison were convicted and each sentenced to pay a fine of $50, and to serve a term in the county jail of 30 days, and jointly appeal. The record shows that, on the 29th day of August, 1922, certain officers went to a place

on the outskirts of the city of Tulsa where the Morrisons resided. There was near the house a garage and a barn, some 20 or 30 feet apart. Between the barn and the garage a car belonging to J. J. Morrison was standing, the front fender very close to the barn. J. C. Morrison, Jr., was under the car working. J. J. Morrison was near. The doors of the barn were open. The officers went in and found a 5-gallon water bottle containing about 3 gallons of whisky with a rubber siphon, and a pan with 36 half-pint bottles and a gallon jar; 31 of the bottles were full. The rubber siphon was running, and the pan was overflowing. A sack of corks was near the bottles. A car belonging to Ree Stansell was also sitting near the barn, and about the time the officers approached the two Stansells came around the barn. They did not live on the premises and had no interest in them. All parties disclaimed any interest or knowledge of the whisky. No one else was about the barn or garage. There was an orchard, in the control of other parties, on another part of the place near the barn, and both the Stansells and the Morrisons and the wife of J. C. Morrison, Jr., who was at the Morrison house, testified that the Stansells had only been there some five minutes. The Stansells testified that he had driven up for the purpose of buying some fruit from the parties having control of the orchard, but had not found them there and was returning. The Morrisons testified that they had control of the house and garage, but that some one else had control of the barn.

The plaintiffs in error argue three assignments: First, that the evidence is insufficient to sustain the verdict and judgment; second, that there is no sufficient proof that the searching officers had a search warrant, and the evidence obtained by the search was improperly admitted; third, that the verdict is void.

Upon the question of the sufficiency of the evidence, the rule is that, where there is any competent evidence in support of the necessary allegations of the information, its

weight and credibility is for the jury, and the verdict under such circumstances will not be disturbed.

As to the plaintiff in error Stansell, the evidence is not sufficient. He was at the premises, it is true. But the evidence indicates that he had been there but a few minutes upon a legitimate errand, and we think, in the light of the explanation made by him, the inference may not be indulged in that the whisky in question was in his possession. There is a probability of his guilt. The circumstances were suspicious, but it is not sufficient that he may have had some connection with the possession of this whisky; it must be shown that he did have possession. Ward v. State, 15 Okla. Cr. 61, 175 P. 60; Ridley v. State, 5 Okla. Cr. 522, 115 P. 628.

As to the plaintiff in error Morrison, a different inference arises from the evidence. It would not be particularly important whether he had possession and control of the barn in question or not. He was in possession of premises within a few feet of it. No one else except his son and wife and the Stansells were in the vicinity, and according to his own testimony, the Stansells had come on an innocent mission but a few minutes before. Here was a 5-gallon bottle of whisky from which was being filled half-pint bottles, as the jury must have believed, for trade purposes. The siphon from the large bottle to the smaller was running, and less than half of the contents of the large bottle had been siphoned out. Common sense demonstrates that the siphon could have been running but a very few minutes, and that it was not set in operation of its own volition. For the plaintiff in error Morrison to say that he had no knowledge or connection with it, with no one else about the premises, strains our credulity, particularly since one of the officers testified that the vicinity was redolent with the fumes of whisky. As to him the evidence is sufficient.

The objection that the evidence was obtained by means of an unlawful search is not tenable. The officers testified

that they had a search warrant, and first went to another place about a quarter of a mile distant, and a discussion in reference to the location fixed in the search warrant arose, and they decided that they were at the wrong place, and then went to the Morrison place as called for by the search warrant. The search warrant was not offered in evidence, but a copy is attached to plaintiffs in error's motion for a new trial, and is regular except that it described the person having possession of the intoxicants on the premises to be searched as J. H. Morrison. This was not material, for if the true name were not known, description, with proper allegation, might have been in the name of John Doe. The evidence was properly admitted.

The final contention that the verdict is void is predicated upon an error in the initial of the defendant J. J. Morrison, which is as follows:

"State of Oklahoma, Plaintiff, v. Ree Stansell, J. J. Morrison and J. C. Morrison, Jr., Defendants. We, the jury duly impaneled and sworn in the above-entitled case, do find the defendants Ree Stansell and J. C. Morrison, Sr., guilty as charged in the information and complaint. * * *"

The plaintiffs in error did not object to the verdict when returned, and in their motion for a new trial did not specifically mention the verdict unless it be included under the assignment "error of law occurring at the trial."

This court, in Coleman v. State, 16 Okla. Cr. 579, 194 P. 282, held that a verdict defective in form, but which expressed the intention and purpose of the jury, should have been objected to when returned, and thereby the attention of the court called to its defective form, and an opportunity thus given for its correction. Section 2743, Comp. St. 1921. The whole record may be scanned to determine the meaning of a verdict. Bowlegs v. State, 9 Okla. Cr. 69, 130 P. 824; Walker v. State, 11 Okla. Cr. 339, 127 P. 896. See, also, Dearisaw v. State, 29 Okla. Cr. 230, 234 P. 230.

In this verdict the names of F. W. Stansell and J. C. Morrison, Jr., are omitted entirely. This, however, is immaterial so far as the plaintiffs in error are concerned. It does not affect the verdict as to them. Tittle v. State, 7 Okla. Cr. 462, 123 P. 1036. An informality or inaccuracy in a verdict in the name of a defendant is not prejudicial, if the intention of the jury is clear, or if such inaccuracy appears to be a clerical error. 16 C. J. 1103, § 2588; McDonald v. State, 55 Fla. 134, 46 So. 176; Johnson v. State, 51 Fla. 44, 40 So. 678; Ewert v. State, 48 Fla. 36, 37 So. 334; Albert v. State (Tex. Cr. App.) 72 S. W. 846; Plumley v. State, 8 Tex. App. 529.

The evidence was that F. W. Stansell, charged in the information, was the son of the plaintiff in error, Ree Stansell, and that J. C. Morrison, Jr., charged in the information, was the son of the plaintiff in error, J. J. Morrison.

The verdict finds Ree Stansell guilty and finds the senior Morrison guilty. The initials of the senior Morrison were J. J., which the verdict through a misapprehension or by clerical error described as J. C. Morrison, Sr. Under the entire record there can be no question that the jury in returning the verdict as they did found guilty the senior Stansell and the senior Morrison.

The judgment and sentence as against the plaintiff in error Ree Stansell is reversed and remanded, with instructions to the lower court to dismiss, and as to the plaintiff in error J. J. Morrison is affirmed.

BESSEY, P. J., and DOYLE, J., concur.