## CHARLEY JENKINS v. STATE.

No. A-6793. Opinion Filed August 24, 1929.
(280 Pac. 477.)

T. H. Davidson and M. D. Hartsell, for plaintiff in error.

Edwin Dabney, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

EDWARDS, P. J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Muskogee county of the crime of robbery, and his punishment fixed at a term of 10 years in the state penitentiary. The record discloses that, at the time charged, defendant robbed one Hal Stevens, taking from him by force the sum of $200.

The first contention is that the information is insufficient in failing to particularly describe the money taken in the robbery and in failing to allege the value of it. The information described the property taken as "$200 in ten and twenty dollar bills." This is a sufficient allegation on this point. Where an information charges that money is taken either by larceny or robbery, it is properly construed to mean money of the United States, and the court will take judicial knowledge of its value. Section 2571, Comp. Stat. 1921; Price v. State, 9 Okla. Cr. 359, 131 Pac. 1102; Hill v. State, 19 Okla. Cr. 406, 200 Pac. 253; Sims v. State, 64 Tex. Cr. R. 435, 142 S. W. 572.

It is next argued that the verdict is too indefinite to sustain the judgment. Omitting the formal parts, the verdict is:

"We, the jury in the above-entitled action, duly impaneled and sworn, upon our oaths, find the defendant guilty of robbery as charged in the information and leave his punishment to be fixed by the court."

Counsel urge that this verdict is insufficient, in failing to state the degree of robbery for which defendant was convicted, and in failing to state that the jury were unable

to agree upon the punishment. At the time the verdict was returned, objection to the form of the verdict was made, and the court inquired in what particular it was insufficient, and counsel declined to make more specific his objection. The defendant is charged with robbery in the first degree. Section 1790, Comp. Stat. 1921. The verdict finds him guilty as charged. In the absence of a more specific objection, the verdict is sufficient. Where the intent and purpose of the jury as expressed in their verdict can be clearly ascertained, it will be upheld, particularly when any defect claimed is not specifically pointed out at the time it is returned. Stansell et al. v. State, 30 Okla. Cr. 265, 235 Pac. 937; Harrell v. State, 43 Okla. Cr. 278, 278 Pac. 404.

It does not appear that counsel requested the court to require the jury to assess and declare the punishment, but this was submitted by the court under the provisions of sections 2750 and 2751, Comp. Stat. 1921. By the latter section it is provided:

"Where the jury find a verdict of guilty, and fail to agree on the punishment to be inflicted, or do not declare such punishment by their verdict, the court shall assess and declare the punishment and render the judgment accordingly."

Under this provision of the law, it is not essential that the jury shall expressly state in their verdict that it is unable to agree upon a verdict.

The case is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.