Ex parte ARCHIE MOULTON.

No. A-8754.   Sept. 28, 1934.
(36 Pac. [2d] 309.)

John J. Carney, for petitioner.

J. Berry King, Atty. Gen., and Jesse L. Ballard, Asst. Atty. Gen., for the State.

EDWARDS, P. J.   This is an original proceeding in habeas corpus.   Petitioner alleges he is unlawfully restrained by the warden of the state penitentiary; that he was convicted, in November, 1931, in Oklahoma county, of robbery with firearms; that the verdict returned against petitioner is insufficient on which to base a judgment.

Several contentions are made touching the sufficiency of the verdict.   The name of petitioner is Moulton.   In the caption of verdict the name is spelled "Moolton."   The verdict then reads:

"We the jury, drawn, empanelled and sworn in the above entitled cause, do upon our oaths find the defendant guilty and fix his punishment at twelve years in the State Penitentiary at McAlester, Okla.

"F. D. Zeliff, Foreman."

In a proceeding in habeas corpus it is not enough that the verdict be informal, but it must be so defective and uncertain that it is void for the reason its meaning cannot be determined by reference to the record proper.

The misspelling of the name of defendant in the caption is of no consequence.   Whether the name Moulton and Moolton be idem sonans or not, the language of the verdict refers to "the defendant," and, since he was the only person on trial, there could be no uncertainty or ambiguity.

Section 3095, Okla. Stat. 1931, is in part:

188

"A general verdict upon a plea of not guilty, is either 'guilty,' or 'not guilty,' which imports a conviction or acquittal of the offense charged. * * *"

Upon this subject Mr. Bishop says:

"The language of the verdict, being that of 'lay people', need not follow the strict rules of pleading, or be otherwise technical. Whatever conveys the idea to the common understanding will suffice and all fair intendments will be made to support it." 1 Bish. New Cr. Proc. (4th Ed.) § 1005.

Following the general rule, this court in numerous cases has held that where, from an examination of the verdict and the entire record, the intent and purpose of the jury, as expressed in their verdict, may be clearly ascertained, the verdict will not be held void for uncertainty. Coleman v. State, 16 Okla. Cr. 579, 194 Pac. 282; Walker v. State, 11 Okla. Cr. 339, 127 Pac. 895, 896; Bowlegs v. State, 9 Okla. Cr. 69, 130 Pac. 824; Stansell et al. v. State, 30 Okla. Cr. 265, 235 Pac. 937; Nelson v. State, 34 Okla. Cr. 187, 245 Pac. 1009; Jenkins v. State, 44 Okla. Cr. 217, 280 Pac. 477; Horton v. State, 44 Okla. Cr. 318, 280 Pac. 857.

The writ is denied.

DAVENPORT and CHAPPELL, JJ., concur.