## A. G. MINYARD v. STATE.

No. A-8900.  Aug. 9, 1935.
(48 Pac. [2d] 864.)

334

336

338

O. H. Witt, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

DOYLE, J. (after stating the facts as above). This appeal is from a judgment of the district court of Muskogee county entered January 9, 1935, in pursuance of the verdict of the jury finding:

"The defendant, A. G. Minyard, guilty of the offense of aiding and assisting a fugitive from justice as charged in the information herein, and fix his punishment at confinement in the state penitentiary for a term of 1 (one) year."

The first assignment challenges the sufficiency of the information. The charging part of the first information is as follows:

"That A. G. Minyard did, in Muskogee County, and in the State of Oklahoma, on or about the Thirtieth day of July, 1934, and anterior to the presentment hereof, commit the crime of concealing an outlaw, a fugitive from justice, in the manner and form as follows, to wit: That the said A. G. Minyard did then and there knowingly, willfully, unlawfully, wrongfully and feloniously harbor, aid, assist and conceal Charley Martin, a person guilty of a felony, an outlaw and a fugitive from justice."

A demurrer was interposed to this information. When the case was called for trial, the county attorney asked and was granted leave to file an amended information, which amendment was by adding the words, "by furnishing the said Charlie Martin with transportation from McAlester, Okla., to Muskogee, Okla., and by exchanging clothing with the said Charlie Martin."

It was agreed that defendant's demurrer be considered refiled and the same was by the court overruled.

The defendant contends that the information is insufficient in that it failed to allege the crime committed by Charlie Martin as the precedent crime, and failed to set out the acts constituting the crime committed by Charlie Martin or the acts by which he was aided by defendant to escape. That it merely states that he, Charlie Martin, was guilty of a felony, a fugitive, and an outlaw, and does not allege the felony of which Charlie Martin was guilty.

Ordinarily, where it is necessary to prove a precedent crime upon which hinges the particular crime charged, both should be pleaded in such detail in ordinary and concise language as will enable persons of common under-

standing to know the nature and import of the accusation; as, for instance, where one is charged as an accessory after the fact the original felony should be pleaded with the same degree of certainty as would be required to sustain a prosecution against the principal. Bishop's New Crim. Procedure, Vol. III, "Accessory," pars. 5, 8, 11; 22 Cyc. 363; Tully v. Commonwealth, 11 Bush (Ky.) 154.

If the allegations in the information are insufficient to show that the principal was guilty of a particular felony, the allegations would be insufficient to put the accused on trial for aiding a felon to escape. Huckaby v. State, 22 Okla. Cr. 376, 211 Pac. 525.

If the alleged convict, Charlie Martin, was a convict serving a sentence on conviction of a felony, it should have been so alleged in the information.

This court is of the opinion that the allegations, "Charlie Martin, a person guilty of a felony, an outlaw and a fugitive from justice," are mere conclusions, and for this reason the information does not describe the offense with that particularity which is necessary to inform the accused of every essential element of the offense intended to be charged and that it is not sufficiently direct and certain as to the particular circumstances of said offense. See State v. Franks, 21 Okla. Cr. 213, 206 Pac. 258.

It follows that the court erred in overruling the demurrer to the information.

It is also contended on the part of the plaintiff in error that the verdict was contrary to law and to the evidence in the case, in that there was no evidence tending to show that the defendant willfully and knowingly aided or assisted the alleged fugitive from justice to escape. The

theory of the state it seems was that the defendant, after reaching Muskogee county, had knowledge of the fact that the said Martin was a convict and fugitive from justice and that he should have left his car when they stopped at the Anthis filling station and that he had such knowledge when Martin compelled him to exchange their trousers. We think this theory is untenable. It is undisputed that the defendant was abducted in Pittsburg county by the said Martin and made, by said Martin, to go to Muskogee county. The defendant also had a duty to protect the property of his employer, the automobile he was driving.

While it is an established rule of this court that verdicts which receive the approval of the trial judge will not be disturbed when supported by evidence sufficient to make out the offense charged, however, when the evidence is all carefully considered, and it appears that it is wholly wanting in respect to some essential element of the offense charged, it is not only the province, but the duty, of this court to reverse the judgment.

No man ought to be convicted of a crime upon mere suspicion, or because he may have had an opportunity to commit it, or even because of bad character, and where circumstances are relied on for a conviction, they ought to be of such a character as to negative every reasonable hypothesis except that of the defendant's guilt.

When we recall the presumption that the law always indulges as to the innocence of the defendant, and the necessity of establishing his guilt beyond a reasonable doubt, we think it would have been a proper exercise of the power vested in the trial court to have advised the acquittal of the defendant on the ground that the evidence was insufficient to warrant a conviction.

For the reasons stated, the judgment of the district court of Muskogee county is reversed.

DAVENPORT, P. J., and EDWARDS, J., concur.