Ex parte HILL.

No. A-11408. Aug. 2, 1950.

(221 P. 2d 816.)

Issac James Hill, pro se.

Mac Q. Williamson, Atty. Gen., and Owen J. Watts, Asst. Atty. Gen., for respondent.

BRETT, J. This is an original proceeding by petition for a writ of habeas corpus brought by Issac James Hill. In said petition he alleges that he is unlawfully restrained of his liberty by C. P. Burford, warden of the State Penitentiary at McAlester, Oklahoma. He alleges the cause of said restraint is one certain judgment and sentence named against him in the district court of Oklahoma county, Oklahoma, on September 9, 1943, for the alleged crime of robbery with firearms, and for which his punishment was fixed by the jury at 99 years in the penitentiary. He says in his petition that the verdict of the jury was in such form as to be vague and uncertain as to the essential elements, and therefore insufficient to support the judgment and sentence. The verdict allegedly reads as follows, to wit:

"We, the jury, empaneled and sworn in the above entitled cause do upon our oaths, find the defendant guilty of Robbery with Firearms as charged in the information, and fix and assess his punishment at imprisonment in the State Penitentiary for 99 (ninety nine years) years."

To this petition the state made response alleging in substance the insufficiency of the petition to state facts sufficient to warrant granting the writ of habeas corpus, and further alleges that the petition does not raise any jurisdictional matters, but only such matters as could be reached by appeal.

Apparently, the statute under which the charge was brought reads as follows, to wit:

"Any person or persons who, with the use of any firearms or any other dangerous weapons, attempts to rob or robs any person or persons, or who robs or attempts to rob any place of business, residence or banking institution or any other place inhabited or attended by any person or persons at any time, either day or night, shall be guilty of a felony, and, upon conviction therefor, shall suffer punishment by death, or imprisonment, at hard labor, in the State Penitentiary, for a period of time of not less than five years, at the discretion of the Court, or the jury trying the same." 21 O.S. 1941 § 801.

It is not alleged that the court was without jurisdiction of the defendant's person, or that the court did not have jurisdiction of the subject matter. But, in substance, it is alleged that the verdict was so vague and uncertain as to be insufficient to support pronouncement of the judgment and sentence, and hence the court lost jurisdiction to pronounce the same.

With this contention we cannot agree. A case clearly in point herewith and holding adversely to the petitioner's contention is that of Ex parte Moulton, 56 Okla. Cr. 186, 36 P. 2d 309, wherein Moulton sought discharge by writ of habeas corpus for robbery with firearms on the identical contention of the petitioner herein. Therein Moulton said the verdict was insufficient to support the judgment. The verdict therein was in words and figures as follows, to wit:

" 'We the jury, drawn, empanelled and sworn in the above entitled cause, do upon our oaths find the defendant guilty and fix his punishment at twelve years in the State Penitentiary at McAlester, Okla.

" 'F. D. Zeliff, Foreman.' "

The verdict herein is not nearly so subject to attack for vagueness as was that in the Moulton case. In the Moulton case, supra, this court said:

"A verdict will not be held void for uncertainty, if its meaning can be determined by reference to the record proper."

Herein the verdict is not bad for uncertainty, or vagueness and failure to contain the essential elements necessary to its validity. Issac James Hill was the only person on trial, therefore, there could be no doubt as to the identity of the person referred to as the defendant. Moreover, the crime was defined as robbery with firearms, falling only within the provisions of Title 21, § 801, O.S. 1941, and the penalty was fixed at 99 years within the limits of the aforesaid statute. Thus it is apparent the language of the verdict was sufficient to clearly express the intent and purpose of the jury, and is not void for uncertainty and therefore forms a proper basis for rendition of the judgment and sentence herein complained of. The court thus having jurisdiction of the defendant's person and of the subject matter and authority under the law to pronounce the judgment and sentence, the demurrer is good, and the petition will accordingly be and is hereby denied.

JONES, P. J., and POWELL, J., concur.