Application of Albert F. ECKERT for Writ of Error, Coram Nobis.

No. A-12301.

Criminal Court of Appeals of Oklahoma.

March 21, 1956.

Writ of Certiorari Denied May 28, 1956.

See 76 S.Ct. 855.

Albert F. Eckert, pro se.

Mac Q. Williamson, Atty. Gen.; for respondent.

BRETT, Judge.

This is a proceeding by Albert F. Eckert for Writ of Error Coram Nobis, originally brought in the Superior Court of Okmulgee County. He was charged in the Superior Court of Okmulgee County, Oklahoma, with the crime of burglary in the second degree. In substance, the information charged him with, on the fifteenth day of October, 1937, breaking and entering the building of the Women's Home Demonstration Club and burglarizing the same of certain goods, wares, and household furniture, the property of the club. Thereafter, on the ninth of November, he was arraigned, as reflected by the journal entry and judgment, without counsel. He contends he was not advised as to his rights thereto, and entered a plea of guilty as charged and was sentenced to a period of three years in the state penitentiary, the same being stayed during good behavior, and he was paroled to J. J. Forbes. In said petition, it appears that the defendant is presently incarcerated in Attica State Prison, Attica, New York, pursuant to a judgment and imprisonment out of the County Court of Livingstone County, New York, made and entered on the tenth day of May, 1949, for an indeterminate term of not less than six years and not more than fifteen years, as a second felony offender.

It appears from the petition that the petitioner seeks relief by Writ of Error Coram Nobis to obtain vacation of the judgment and sentence obtained in Okmulgee County, Oklahoma, as aforesaid, for the purpose of avoiding his conviction as a second felony offender. The petition for relief is predicated upon the sole ground that the judgment discloses he was without the aid of counsel at the time the judgment and sentence was entered against him.

In State ex rel. Burford v. Sullivan, 86 Okl.Cr. 364, 193 P.2d 594, 596,

where relief was sought by Writ of Error Coram Nobis, it was said:

"The functions of a writ of error coram nobis are limited to an error of fact for which the statutes provide no other remedy, which fact did not appear of record or is unknown to the court when judgment was pronounced, and which, if known, would have prevented the judgment and which was unknown and could not have been known to the party by the exercise of reasonable diligence in time to have been otherwise presented to the court, or unless he was prevented from so presenting them under duress, force, or other sufficient cause."

It is apparent from the record herein, that the fact relied upon for vacation of the judgment herein, appeared of record when the judgment was pronounced, and was known by the petitioner, or by the exercise of reasonable diligence he could have asserted the right he now claims. It does not appear he was prevented from asserting the right he now claims, under Writ of Error Coram Nobis, by use of duress, force, or any other sufficient cause. Furthermore, the long delay in asserting the invalidity of the judgment, if erroneous, was by reason of the fault or negligence of the petitioner.

▆▆▆▆ Moreover, in State ex rel. Burford v. Sullivan, supra, it was held:

"Where a judgment and sentence has been rendered and the defendant has suffered the penalty pronounced in the judgment in whole or in some substantial part, even during the term, the authority of the court rendering the judgment is at an end and the trial court is without jurisdiction to modify, suspend or otherwise alter the judgment, except to set aside a judgment void on its face as shown by the record."

Herein, the petitioner has endured the disabilities of the judgment and sentence complained of. The obligations of that judgment have been fully discharged, and the trial court was without jurisdiction to entertain application for the writ, and this court is likewise without jurisdiction. Application dismissed.

JONES, P. J., and POWELL, J., concur.