Application of Isaac J. HILL, for a Writ of
Error Coram Nobis, Petitioner,

v.

The STATE of Oklahoma, Respondent.

No. A–13169.

Court of Criminal Appeals of Oklahoma.

June 27, 1962.

Don Anderson, Public Defender for Oklahoma County, for petitioner.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for respondent.

NIX, Presiding Judge.

This is a proceeding by petitioner, Isaac J. Hill, for writ of error coram nobis, here for the purpose of reviewing the action of the District Court of Oklahoma County, Oklahoma, which after hearing refused to grant said writ. Which is to say, to grant the petitioner a new trial based on allegations that the verdict was vague as to form and not sufficient to support judgment and sentence in case No. 16258, tried in July, 1943.

It is the rule in this jurisdiction that the burden of establishing the material allegations of a motion to set aside a judgment is on the proponent of such motion or petition. See, Wirth v. State, 79 Okl.Cr. 59, 151 P.2d 819; Ex parte George, 83 Okl. Cr. 99, 173 P.2d 454. Such rule would apply to a petition for writ of error coram nobis.

All of petitioners' allegations are based on correcting errors of law, which cannot be considered on a writ of error coram nobis. See Hurt v. State, Okl.Cr., 312 P.2d 169; Ex parte Hinley, 94 Okl. Cr. 267, 234 P.2d 947; Application of Eckert, Okl.Cr., 295 P.2d 814. Such allegations should be advanced in regular appeal, which in this particular case, the time has long since expired. Title 22 O.S.A. § 1054 states: An appeal in a felony case must be taken within 6 months after judgment is mandatory, and the Court of Criminal Appeals cannot entertain an appeal not perfected within that time.

Petitioner has, on two previous occasions, been before this court attacking the validity of the judgment and sentence, and in each case the Court held adversely to petitioners contention. See Ex parte Hill, 92 Okl.Cr. 122, 221 P.2d 816; and Hill v. Raines, Okl. Cr., 365 P.2d 173.

Counsel for petitioner admits in his memorandum brief that, based on previous decisions by this Court, said petition bars any relief by way of coram nobis.

 After carefully examining the record, there is found to be substantial evidence to support the judgment of the District Court denying the writ of error coram nobis, said judgment must be, and is, hereby, affirmed.

BRETT and BUSSEY, JJ., concur.