**Donald James NIX, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A-14373.**

Court of Criminal Appeals of Oklahoma.

April 9, 1969.

Jim Ed Douglas, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., for defendant in error.

BUSSEY, Judge.

Donald James Nix, hereafter referred to as defendant, was charged, tried and convicted in the Court of Common Pleas of Oklahoma County for the crime of Obtaining Money by Trick and Deception, and from the judgment and sentence imposed against him, a timely appeal has been perfected to this Court.

The first witness for the State was Peggy Sue Leinneweber, who testified that she was working as a cashier at Beverly's Restaurant, 209 West Sheridan, Oklahoma City, Oklahoma, on February 8, 1967, and identified the defendant as one of the two men who came up to the counter to pay their ticket. She further testified that defendant Nix asked her for a five dollar bill, then asked the man with him for two one dollar bills, and laid four ones on the counter. He then picked up his ones and the cashier's five while the man with him gave the cashier a ten to pay for the meals. Then the defendant handed her his ones and her five and received a ten dollar bill in exchange, then both men left the restaurant. As they were leaving, Police Detective, Lieutenant Mead, came in the restaurant and she described the incident to him as they observed the men enter a nearby bar. Other police were then summoned.

Jackson Wallace Wooldridge then testified that he had stopped by the Sheridan Lounge at approximately 6:00 on the evening in question. While he was there he engaged in some conversation with the defendant and Mr. Stillwell. He had never seen the two before or since that time. At approximately 8:30 the three of them left the Lounge and went down the street to Beverly's Restaurant. After dinner they started out and Mr. Stillwell paid the bill. As they started out the door the defendant went to the register to ask for some change

and called Mr. Stillwell back and asked for two one dollar bills. This witness testified that he stood by the door during this transaction and after leaving he asked how much he owed for his dinner and they told him it had been taken care of. They then proceeded back to the Sheridan Lounge.

Detective Larry K. Upchurch of the Oklahoma City Police Department testified that he and his partner received the call, went to the restaurant, then to the bar where the defendant was arrested, along with the men with him.

Detective Larry Yandell of the Oklahoma City Police Department testified to the same effect as Detective Upchurch. Defendant offered no testimony on trial.

■ Under the defendant's first two propositions, it is contended that the trial court erred in refusing to instruct the jury that the testimony of Peggy Sue Leinneweber had to be corroborated before they could find the defendant guilty, and (2) since there was no evidence tending to corroborate the testimony of Peggy Sue Linneweber, the State wholly failed to establish the defendant's guilt and the evidence was insufficient as a matter of law to support the verdict of the jury. Defendant relies heavily upon 22 O.S. § 743 which requires in a case of Obtaining money or property by false pretenses that the pretense be proved by the testimony of two witnesses, or by one witness and corroborating circumstances. This statute is taken from R.L.1910 § 5885.

The crime for which this evidentiary rule was enacted is found in R.L.1910 § 2694 which provided as follows:

Any person who, with intent to cheat or defraud another, designedly, by color or aid of any false token or writing, or other false pretense, obtains the signature of any person to any written instrument, or obtains from any person any money or property, is punishable by imprisonment in the penitentiary not exceeding three years or in a county jail not exceeding one year, or by a fine not exceeding three times the value of the

money or property so obtained, or by both such fine and imprisonment.

The import of this statute is that it was directed toward false pretense used in obtaining property. This Court has held in Huckaby v. State, 22 Okl.Cr. 376, 211 P. 525, that, under this statute, obtaining money by false pretense must involve a mis-representation of a material fact.

Subsequent to the enactment of R.L. 1910 § 2694, the statute was broadened to cover other crimes and appeared at the time of this trial as 21 O.S. § 1541, providing in pertinent part as follows:

"Every person who, with intent to cheat and defraud, shall obtain or attempt to obtain from any person, firm or corporation, any money, property or valuable thing, of the value of Twenty ($20.00) Dollars, or less, by means or by use of any trick or deception, or false or fraudulent representation or statement or pretense, or by any other means or instrument or device commonly called the 'confidence game', or by means or use of any false or bogus checks, or by any other written or printed or engraved instrument or spurious coin, shall be guilty of a misdemeanor and upon conviction thereof shall be punished by a fine not to exceed Five Hundred ($500.-00) Dollars, or by imprisonment in the county jail for not more than six (6) months, or by both such fine and imprisonment. * * *"

Significantly 22 O.S. § 743 was not amended in order to require corroboration for the offense of obtaining money by trick or deception and therefore has no application to the instant case. We must accordingly hold that the defendant's first two assignments of error are without merit.

■ It is lastly contended that the verdict of the jury was not in proper form in that of the nine jurors signing the verdict, one of the names had been crossed through. An examination of the record discloses that ten of the jurors had signed the verdict and one of the names had been crossed through. It is readily apparent

nine of the ten jurors participated in the verdict of the jury and that was all that was necessary. The crossed-out signature of the tenth juror, initialed by him, in no way invalidated the verdict. We believe the Syllabus set forth in Ex parte Hill, 92 Okl.Cr. 122, 221 P.2d 816, is clearly applicable in this case, the same being:

"A verdict will not be held void for uncertainty, if its meaning can be determined by reference to the record proper."

For all of the reasons above set forth the judgment and sentence appealed from is affirmed.

BRETT, P. J., concurs.